SCOTT A. KRONLAND (SBN 171693)
DANIELLE E. LEONARD (SBN 218201)
MATTHEW J. MURRAY (SBN 271461)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  skronland@altber.com
            dleonard@altber.com
            mmurray@altber.com

*Attorneys for Proposed Intervenors California
Teachers Association, SEIU California State
Council, California Federation of Teachers,
California School Employees Association, and
California Labor Federation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey I. Barke, *et al.*,<br><br>                 Plaintiffs,<br><br>         v.<br><br>Eric Banks, *et al.*,<br><br>                 Defendants. | CASE NO.: 8:20-cv-00358-JLS-ADS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PROPOSED UNION INTERVENORS' MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS**<br><br>Hearing Date:  May 1, 2020<br>Hearing Time:  10:30 am<br>Location:          Courtroom 10A<br><br>Judge:  The Hon. Josephine L. Staton |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................ 3

      A.   Public Sector Collective Bargaining in California ................................ 3

      B.   Government Code Section 3550 ........................................................... 5

      C.   The Plaintiffs' Lawsuit ....................................................................... 6

      D.   The Interests of the Intervenors ......................................................... 7

III.  ARGUMENT ................................................................................................ 9

      A.   The Unions Are Entitled to Intervene as of Right ................................ 9

           1.   The Unions' Motion for Leave to Intervene Is Timely ................. 10

           2.   The Unions Have a "Significantly Protectable" Interest in the
                Subject Matter of this Action ..................................................... 10

           3.   The Disposition of this Matter May, As a Practical Matter,
                Impair the Unions' Ability to Protect Their Interests .................. 12

           4.   The Existing Parties May Not Adequately Represent the
                Unions' Interests ....................................................................... 13

      B.   Alternatively, Permissive Intervention Should be Granted ................. 18

IV.   CONCLUSION ............................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Air Conditioning Trade Ass'n v. Baker,*
    2012 WL 3205422 (E.D. Cal., Jul. 31, 2012)................................. 14, 15

*Alameda Newspapers, Inc. v. City of Oakland,*
    95 F.3d 1406 (9th Cir. 1996) .................................................. 15

*Allied Concrete and Supply Co. v. Baker,*
    904 F.3d 1053 (9th Cir. 2018) ......................................... 2, 11, 13, 14

*Associated Builders & Contractors of S. Cal., Inc. v. Nunn,*
    356 F.3d 979 (9th Cir. 2004) ................................................. 14

*Associated Dog Clubs of N.Y. v. Vilsack,*
    44 F. Supp. 3d 1 (D.D.C. 2014) .............................................. 12

*California Dump Truck Owners Ass'n v. Nichols,*
    275 F.R.D. 303 (E.D. Cal. 2011) ............................................ 16

*Californians For Safe & Competitive Dump Truck Transp. v.*
    *Mendonca,*
    152 F.3d 1184 (9th Cir. 1998) ............................................... 14

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,*
    386 U.S. 129 (1967) ......................................................... 10

*Emp. Staffing Servs., Inc. v. Aubry,*
    20 F.3d 1038 (9th Cir. 1994) ................................................ 18

*Forest Conservation Council v. U.S. Forest Serv.,*
    66 F.3d 1489 (9th Cir. 1995) ................................................ 13

*Golden Gate Rest. Ass'n v. City and County of San Francisco,*
    2007 WL 1052820 (N.D. Cal. Apr. 5, 2007).................................. 14

*Nw. Forest Resource Council v. Glickman,*
    82 F.3d 825 (9th Cir. 1996) ................................................. 10

*Sagebrush Rebellion, Inc. v. Watt,*
    713 F.2d 525 (9th Cir. 1983) .............................................. 13, 17

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ................................................................ 2

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972) ........................................................................... 13

*United States v. Oregon*,
  913 F.2d 576 (9th Cir. 1990) .............................................................. 10

*United States v. Palermino*,
  238 F.R.D. 118 (D. Conn. 2006) ........................................................ 16

*Western States Trucking Ass'n v. Schoorl*,
  2018 WL 5920148 (E.D. Cal. Nov. 13, 2018) .................................... 14

*Wilderness Soc'y v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ..................................................9, 10, 11

*Yniguez v. Arizona*,
  939 F.2d 727 (9th Cir. 1991) ........................................................12, 17

**California Cases**

*Boling v. Pub. Employment Relations Bd.*,
  5 Cal. 5th 898 (2018) ........................................................................... 5

*City of San Jose v. Operating Engineers Local Union No. 3*,
  49 Cal. 4th 597 (2010) ......................................................................... 4

*Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub.
  Employment Relations Bd.*,
  35 Cal. 4th 1072 (2005) ....................................................................... 3

**California Statutes and Regulations**

Cal. Gov. Code
  §3000 et seq. ........................................................................................ 3
  § 3500(a) .............................................................................................. 4
  § 3501(c) ...........................................................................................2, 3
  § 3502 .................................................................................................. 4
  § 3505 .................................................................................................. 4
  § 3509(a) .............................................................................................. 4
  § 3509.5 ............................................................................................... 5
  § 3540 et seq. ....................................................................................... 3
  § 3540 .................................................................................................. 4

§ 3540.1(k) .................................................................................... 2, 3
§ 3541.3(i) ..................................................................................... 1, 4
§ 3541.5 ..................................................................................... 1, 4, 5
§ 3541.5(a) ......................................................................................... 4
§ 3543(a) ............................................................................................. 4
§ 3543.2 .............................................................................................. 4
§ 3543.5(a) ......................................................................................... 4
§ 3543.7 .............................................................................................. 4
§ 3502 ................................................................................................. 4
§ 3506 ................................................................................................. 4
§ 3506.5 .............................................................................................. 4
§ 3509.5 .............................................................................................. 4
§ 3550 ........................................................................................ *passim*
§ 3551 ................................................................................................. 1
§ 3552(c) .......................................................................................... 2, 5
§ 3560 et seq. ............................................................................ *passim*
§ 3560 ................................................................................................. 4
§ 3562(g) ............................................................................................ 3
§ 3565 ................................................................................................. 4
§ 3570 ................................................................................................. 4
§ 3571(a) ............................................................................................ 4

8 C.C.R.
§ 32168 ............................................................................................... 5
§ 32180 ............................................................................................... 5
§ 32300 ............................................................................................... 5
§ 32320 ............................................................................................... 5
§ 32600 et seq. ................................................................................... 4
§ 32602(b) .......................................................................................... 4
§ 32640(a) ........................................................................................... 5
§ 32680 ............................................................................................... 5

**Federal Rules**

Rule 24(a) ................................................................................ 9, 10, 13
Rule 24(a)(2) ............................................................................... 3, 12
Rule 24(b) ......................................................................................... 18
Rule 24(b)(1) ...................................................................................... 3
Rule 24(b)(1)(B) .............................................................................. 18
Rule 24(b)(3) .................................................................................... 18
Rule 26(f) .......................................................................................... 10

**Other Legislative Authorities**

California Bill Analysis, S.B. 285, Assembly Committee on Public
    Employees, Retirement, and Social Security (Jun. 21, 2017) ..............................6

Cal. Stats. 2017, c. 567 (S.B. 285), § 1, eff. Jan. 1, 2018 ..........................................6

Cal. Stats. 2018, c. 53 (S.B. 866), § 11, eff. June 27, 2018 .......................................6

## I.    INTRODUCTION

California Teachers Association ("CTA"), Service Employees International Union California State Council ("SEIU State Council"), California Federation of Teachers ("CFT"), California School Employees Association ("CSEA"), and California Labor Federation (collectively, the "Unions") together seek leave to intervene in this action to defend the law challenged in Plaintiffs' Complaint, Cal. Gov. Code §3550 ("Section 3550"). Section 3550 provides:

> A public employer shall not deter or discourage public employees or applicants to be public employees from becoming or remaining members of an employee organization, or from authorizing representation by an employee organization, or from authorizing dues or fee deductions to an employee organization. This is declaratory of existing law.

*Id.* The Unions and their affiliates are "employee organizations" referenced in Section 3550.

Plaintiffs are seven individuals: four school or community college district board members, two city council members, and one special community service district board member. Dkt. 1 ("Compl.") ¶¶12-18. They contend that Section 3550 violates their First Amendment rights. *Id.* ¶¶40-44.

The existing Defendants are the four current members of the California Public Employment Relations Board ("PERB"), and PERB's General Counsel. *Id.* ¶¶19-22. PERB is a quasi-judicial agency that administers the statutes governing labor relations for California public employers, employees, and employee organizations, including Section 3550. *See* Cal. Gov. Code §§3551, 3541.3(i), 3541.5. The PERB Board has never issued a formal decision resolving an unfair practice charge regarding Section 3550, and thus, to date, there is no PERB Board decision interpreting or applying that statute (although there are some underlying PERB

administrative law judge decisions that do so).  *See* Proposed Answer in Intervention ("Answ.") §I ¶8.[1]

Plaintiffs seek an order declaring that Section 3550 is unconstitutional and preventing Defendants from "enforcing … section 3550 against Plaintiffs."  Dkt. 24 ("Mot. for PI") at 2.[2]  The Unions and their members have a direct interest in this lawsuit.  The Unions and the employees they represent are among the primary parties protected by Section 3550's prohibition against public employers' interference with their employees' rights to join and support employee organizations.  Answ. §I ¶¶1-10.  The Unions or their affiliates represent public employees who work for the public employers for which Plaintiffs serve on governing boards.  *Id*.  As discussed below, the Ninth Circuit has held that a labor union may intervene as of right to defend laws that protect the interests of the union and its members when those interests may not be identical to the interests of government officials charged with enforcing those laws.  *See* Section III(A)(1), *infra*; *Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053, 1067-68 (9th Cir. 2018) (union entitled to intervene as of right to defend statute granting wage and overtime protections to certain delivery truck drivers on public projects).

Intervention as of right is particularly necessary here, where Plaintiffs have sued a quasi-judicial state agency responsible for adjudicating disputes between

---

[1] For purposes of this motion, the Court must "take all well-pleaded, nonconclusory allegations in the motion to intervene, [and] the proposed … answer in intervention, … as true absent sham, frivolity or other objections."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

[2] None of the Plaintiffs is a "public employer" within the meaning of Section 3550.  *See* Cal. Gov. Code §§3552(c), 3540.1(k), 3501(c) (defining "public employer" under Educational Employment Relations Act ("EERA") and Meyers-Milias-Brown Act ("MMBA")); Compl. ¶10 (alleging that Plaintiffs sit on representative bodies that govern "public employers" subject to EERA or MMBA, not that Plaintiffs themselves are "public employers").

1 unions and public employers, that agency has not previously had occasion to issue a

2 formal decision interpreting the law that Plaintiffs challenge, and intervention is

3 sought by organizations representing the real parties that are protected by the law

4 and that would be the opposing parties to public employers in disputes before the

5 quasi-judicial agency.

6   The Unions satisfy the requirements of intervention of right under Rule

7 24(a)(2) and, alternatively, permissive intervention under Rule 24(b)(1). This

8 motion for leave for the Unions to intervene as defendants should thus be granted.

9 ## II.   BACKGROUND

10   ### A.    Public Sector Collective Bargaining in California

11   Labor-management relations for California's public employers and employees

12 are governed by a series of state statutes. *See Coachella Valley Mosquito & Vector*

13 *Control Dist. v. Cal. Pub. Employment Relations Bd.*, 35 Cal.4th 1072, 1083-86

14 (2005) (summarizing history of California's public employee labor-relations

15 statutes). As relevant here, the EERA (Cal. Gov. Code §3540 et seq.) governs school

16 and community college districts, *see id.* §3540.1(k) (defining "public school

17 employer" subject to EERA); the MMBA (*id.* §3000 et seq.) governs cities and local

18 special districts, *see id.* §3501(c) (defining "public agency" subject to MMBA); and

19 the Higher Education Employer-Employee Relations Act ("HEERA") (Cal. Gov.

20 Code §3560 et seq.) governs public higher education, *see id.* §3562(g) (defining

21 "employer" subject to HEERA).

22   The EERA, MMBA, HEERA, and other state public employee labor-relations

23 statutes do not regulate private employers. Rather, they apply only to public

24 employment and advance the State's policy interests in "promot[ing] the

25 improvement of personnel management and employer-employee relations within the

26 various public agencies in the State of California by providing a uniform basis for

27 recognizing the right of public employees to join organizations of their own choice

28 and be represented by those organizations in their employment relationships with

1  public agencies." Cal. Gov. Code §3500(a) (MMBA); *see id.* §3540 (purpose of

2  EERA is "to promote the improvement of personnel management and employer-

3  employee relations within the public school systems in the State of California"); *id*.

4  §3560 (purpose of HEERA is "the development of harmonious and cooperative labor

5  relations between the public institutions of higher education and their employees.").

6      Under the EERA, MMBA and HEERA, public employees "have the right to

7  form, join, and participate in the activities of employee organizations of their own

8  choosing for the purpose of representation on all matters of employer-employee

9  relations." Cal. Gov. Code §§3543(a), 3502, 3565. When a unit of public

10 employees governed by these statutes chooses an employee organization to represent

11 them, their public employer must meet and confer with that employee representative

12 in good faith regarding terms and conditions of employment. *Id.* §§3543.2, 3543.7,

13 3505, 3570. Those public employers are also prohibited from "discriminat[ing]"

14 against or "coerc[ing]" public employees because the employees exercise their rights

15 protected by the EERA, MMBA, or HEERA. *Id.* §§3543.5(a), 3506, 3506.5,

16 3571(a).

17      State law vests PERB with exclusive jurisdiction to hear and resolve unfair

18 practice charges filed by public employees or employee organizations alleging that a

19 public employer has violated these prohibitions. Cal. Gov. Code §§3541.3(i),

20 3541.5(a), 3509(a); *see City of San Jose v. Operating Engineers Local Union No. 3*,

21 49 Cal. 4th 597, 606 (2010) ("PERB has exclusive initial jurisdiction over activities

22 'arguably protected or prohibited' by public employment labor law."). PERB does

23 not, however, initiate or prosecute charges against public employers on its own.

24 Rather, it investigates and adjudicates charges it receives from employees, employee

25 organizations, or covered employers. *See* Cal. Gov. Code §3541.5(a); 8 C.C.R.

26 §32600 et seq. (procedures for processing unfair practice charges); *id.* §32602(b)

27 ("unfair practice charges may be filed by an employee, employee organization, or

28 employer against an employee organization or employer").

PERB's General Counsel is responsible for filing complaints against unions or public employers if the General Counsel (or one of the Board agents he supervises) finds that a charge or supporting evidence from a charging party "is sufficient to establish a prima facie case" that a violation occurred. 8 C.C.R. §32640(a); *see also* Cal. Gov. Code §3541.5. The complaint is heard by a PERB administrative law judge, and the charging party is a party to that proceeding and bears full responsibility for proving that the alleged violation(s) occurred. 8 C.C.R. §§32680, 32168, 32180. An aggrieved party can seek review of the administrative law judge's decision before PERB itself. *Id.* §§32300, 32320.

A charging party, respondent, or intervenor aggrieved by a final decision from PERB resolving an unfair practice charge case may petition the California court of appeal for a writ of extraordinary relief from that decision. Cal. Gov. Code §3509.5. When reviewing PERB decisions, California courts grant substantial deference to PERB's interpretation of the laws it administers, because "PERB is one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge, whose findings within that field carry the authority of an expertness which courts do not possess and therefore must respect." *Boling v. Pub. Employment Relations Bd.*, 5 Cal. 5th 898, 911–12 (2018) ("It is settled that courts generally defer to PERB's construction of labor law provisions within its jurisdiction.") (internal quotation marks, brackets, and citations omitted).

**B.    Government Code Section 3550**

Section 3550 prohibits a "public employer," as defined by statute, from "deter[ring] or discourage[ing] public employees or applicants to be public employees from becoming or remaining members of an employee organization, or from authorizing representation by an employee organization, or from authorizing dues or fee deductions to an employee organization." As relevant here, Section 3550 applies to "public employers" governed by the EERA, MMBA, and HEERA. Cal. Gov. Code §3552(c).

1      Section 3550 was first enacted as SB 285 in 2017 and was amended by SB

2  866 in 2018.  *See* Cal. Stats. 2017, c. 567 (S.B. 285), § 1, eff. Jan. 1, 2018; Cal. Stats.

3  2018, c. 53 (S.B. 866), § 11, eff. June 27, 2018.  The statute was adopted and

4  amended to protect public employees' rights to make their own decisions regarding

5  unionization and union membership free from pressure from their public employers,

6  and thereby further the State's established interest in protecting public employees'

7  right to form unions and to collectively bargain with the State and its subdivisions.

8  *See, e.g.*, California Bill Analysis, S.B. 285, Assembly Committee on Public

9  Employees, Retirement, and Social Security (Jun. 21, 2017) ("The bill would close

10  the existing loophole for public employers and ensure that public employees remain

11  free to exercise their personal choice as to whether or not to become union members,

12  without being deterred or discouraged from doing so by their employer.").

13      The PERB Board has not yet issued any decisions interpreting Section 3550.

14  Answ. §I ¶8.  A group of consolidated cases is currently pending before the Board in

15  which PERB has requested briefing regarding the proper construction of Section

16  3550.  *See* PERB, Notice of Combined Oral Argument (Mar. 3, 2020) and Notice of

17  Continuance of Combined Oral Argument (Mar. 17, 2020), Cases SF-CE-1188-H,

18  SF-CE-1189-H, SF-CE-1192-H, SF-PE-5-H (Mar. 3, 2020) (attached as Exhs. 1, 2).

19  Oral argument in those cases is scheduled to take place on June 11, 2020.  Exh. 2.

20  Neither the PERB Board nor any of its administrative law judges has ever applied

21  Section 3550 to a dispute involving speech by a member of a local government

22  representative body.  Answ. §I ¶8.  We are aware of no instances in which any

23  charging party has even filed a charge with PERB alleging a violation of Section

24  3550 based on speech by a member of any local government representative body.  *Id*.

25  **C.    The Plaintiffs' Lawsuit**

26      Plaintiffs in this case are seven individuals who serve on a local school,

27  community college, or special service district board, or on a city council, in

28  California.  *See* Compl. ¶¶12-18.  They seek declaratory and injunctive relief to

1  invalidate Section 3550, and they have moved for a preliminary injunction

2  prohibiting enforcement of Section 3550 against them.  Mot. for PI at 2.  Plaintiffs

3  contend that the statute violates the First Amendment.  The existing Defendants are

4  the four current members of PERB and PERB's General Counsel.  *See* Compl. ¶¶19-

5  22.

6       **D.**    **The Interests of the Intervenors**

7       The Unions are labor organizations that represent, or whose affiliates

8  represent, workers covered by the EERA, MMBA, and other state public

9  employment labor-relations statutes, including workers employed by the public

10  employers for which Plaintiffs serve on governing boards.

11       CTA is a labor organization with more than 310,000 public employee

12  members across the State, including teachers, counselors, psychologists, librarians,

13  Education Support Professionals, and other non-supervisory certificated and

14  classified personnel in California's public schools and colleges.  Answ. §I ¶2.  CTA

15  has more than 1,000 local chapters in public school districts throughout California,

16  and one statewide affiliate consisting of numerous bargaining chapters whose

17  members work in community college districts.  *Id*.  CTA represents public

18  employees covered by the EERA, including public employees who work for some of

19  the public employers for which Plaintiffs serve on governing boards.  *Id*.  The

20  Complaint expressly references CTA itself and three of CTA's local chapters: the

21  Capistrano Unified Education Association, Whittier Secondary Education

22  Association, and Ramona Teachers Association.  *See* Compl. ¶¶15, 16, 18.  In

23  addition, CTA chapters currently represent employees who work in the Los Alamitos

24  Unified School District, where Plaintiff Barke formerly was a board member, and in

25  the Rancho Santiago Community College District, where Plaintiff Yarbrough is a

26  board member.  Compl. ¶¶12, 17.

27       SEIU State Council is a coalition of 17 local SEIU unions representing more

28  than 700,000 employees in California, including school, university, city, county and

1    state employees, janitors, social workers, security officers, and home care workers,

2    including 550,000 public sector workers.  Answ. §I ¶3.  The public employees

3    represented by the local unions that comprise the SEIU State Council include state,

4    county, and local employees throughout the State.  *Id*.  These local unions represent

5    public employees covered by the EERA and MMBA.  *Id*.

6        CFT is a labor federation that comprises more than 135 local unions across

7    California, representing more than 120,000 employees working at every level of

8    public and private education in the state.  Answ. §I ¶4.   CFT's local unions represent

9    employees covered by the EERA and HEERA.  *Id*.

10        CSEA is a statewide union that represents more than 250,000 classified public

11    school employees throughout California, employed by K-12 districts, community

12    colleges and county offices of education, who perform a wide range of essential

13    work, including:  security, food services, office and technical, school maintenance

14    and operations, transportation, academic assistance and paraeducator services, and

15    library and media assistance.  Answ. §I ¶5.  CSEA represents employees covered by

16    the EERA, including public employees who work for some of the public employers

17    for which Plaintiffs serve on governing boards.  *Id*.

18        California Labor Federation is a federation of more than 1,200 unions in

19    California, representing 2.1 million union members in both the public and private

20    sector.  Answ. §I ¶6   California Labor Federation affiliates represent employees

21    covered by the EERA and MMBA, including public employees who work for at least

22    one of the public employers for which Plaintiffs serve on governing boards.  *Id*.  The

23    Complaint expressly references the San Clemente City Employees' Association,

24    which is one of the local unions affiliated with the California Labor Federation.  *See*

25    Compl. ¶14.

26        The ruling that Plaintiffs seek, invalidating Section 3550 as unconstitutional,

27    would harm the Unions' and their members' interests by lifting the prohibition on

28    public employers deterring or discouraging public employees from joining or

supporting the Unions and their affiliates, thereby weakening the Unions and their ability to effectively represent public employees.  Answ. §I ¶.  Without Section 3550, the Unions would need to devote additional resources to countering the unfair tactics of public employers who choose, contrary to state policy, to deter union membership and unionization by their employees, which would divert those resources from other Union representational activities and thus frustrate the Unions' ability to carry out their missions.  *Id.*  Accordingly, the Unions have a significant interest in defending Section 3550 against Plaintiffs' lawsuit.

## III.   ARGUMENT

### A.   The Unions Are Entitled to Intervene as of Right

Rule 24(a), which governs intervention as of right, provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  The Ninth Circuit has adopted a four-part test to determine whether a proposed intervenor has a right to intervene under this rule:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).  The Ninth Circuit has also instructed that to promote the "liberal policy in favor of intervention," Rule 24(a) must be construed "broadly in favor of proposed intervenors."  *Id.* at 1179 (quotation marks and citations omitted).  The Unions satisfy each of the criteria for intervention as of right.

### 1. The Unions' Motion for Leave to Intervene Is Timely

Three factors are considered in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to the existing parties; and (3) the reason for and length of any delay. *United States v. Oregon*, 913 F.2d 576, 588-89 (9th Cir. 1990). Here, the Unions seek to intervene at the very outset of litigation, before the deadline for the PERB Defendants to respond to Plaintiffs' complaint (which is currently April 15, 2020). *See* Dkt. 31. The Rule 26(f) conference has not yet occurred, no discovery has commenced, the PERB Defendants have not yet responded to Plaintiffs' pending motion for a preliminary injunction (Dkt. 24), and this Court has not ruled on any substantive issues. The Unions are moving to intervene at the earliest possible time and so that they can respond to the pending preliminary injunction motion without affecting the briefing or hearing schedule for that motion. Accordingly, there has been no delay in filing this motion, and intervention will not prejudice any existing party. *See*, *e.g.*, *Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (motion to intervene was timely because it was filed before any proceedings had taken place, and no party was prejudiced because motion was filed before any substantive rulings by district court).

### 2. The Unions Have a "Significantly Protectable" Interest in the Subject Matter of this Action

Rule 24(a)'s requirement that a proposed intervenor show an "interest relating to the property or transaction" of the litigation is construed expansively. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-36 (1967). The "liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y*, 630 F.3d at 1179 (internal quotation marks omitted). Thus, a would-be intervenor's interest is "significantly protectable" under the Ninth Circuit's test when it is "protectable

1  under some law, and . . . there is a relationship between the legally protected interest

2  and the claims at issue." *Id.* (internal quotation marks omitted).

3         The Unions and the public employees they represent have "significantly

4  protectable" interests in their relationships with each other, in their rights to join

5  together in a union protected by California's public employee labor-relations

6  statutes, and in the protection against attempts to undermine those relationships and

7  rights that Section 3550 in particular provides.  Those interests are "protectable

8  under some law" because the Unions and the employees they represent have a right

9  to those protections via the state's public employee labor-relations statutes generally

10 and Section 3550 in particular, and there can be no question that there is "a

11 relationship between the legally protected interest" and Plaintiffs' claims, which seek

12 to enjoin the enforcement of that very statute.  *See Wilderness Soc'y*, 630 F.3d at

13 1179.

14        Courts have recognized that a labor union whose members are protected by a

15 state statute has a legally protectable interest in litigation aiming to prevent the

16 government from enforcing that law.  For example, in *Allied Concrete*, the Ninth

17 Circuit held that a labor union was entitled to intervene as of right in a suit alleging

18 that a state prevailing wage law was preempted by federal law because the union's

19 "members had a ' "significant interest" in receiving the prevailing wage for their

20 services [under the challenged state law] as opposed to a substandard wage.'"  904

21 F.3d at 1067 (quoting *Californians For Safe & Competitive Dump Truck Transp. v.*

22 *Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998)); *see also* Section III(A)(4), *infra*

23 (citing additional cases).  The Unions and their members have a legally established

24 right to protection against public employers' undermining of their relationships, and

25 the Plaintiffs seek to prevent the State from enforcing that right.  The Unions thus

26 have a "significantly protectable" interest in this case.

27        Courts have also recognized that organizations have a significantly protectable

28 interest in litigation where an outcome adverse to the organization would require it to

divert resources that it would otherwise spend on other activities.  *See, e.g.*, *Associated Dog Clubs of N.Y. v. Vilsack*, 44 F. Supp. 3d 1, 4-6 & n.2 (D.D.C. 2014) (intervenor-defendant Humane Society had significantly protectable interest where, if plaintiff successfully invalidated regulation of breeders who sell pets online, intervenor would be forced to divert resources to policing animal cruelty by unlicensed breeders).  Here, invalidation of Section 3550 would require the Unions to devote additional resources to countering efforts by public employers to deter or discourage public employees from becoming or remaining Union members, which would divert those resources from other Union representational activities and thus frustrate the Unions' ability to carry out their missions.  Answ. §I ¶9.

### 3.  The Disposition of this Matter May, As a Practical Matter, Impair the Unions' Ability to Protect Their Interests

The third prong of the Rule 24(a)(2) inquiry "is whether the district court's decision will result in *practical* impairment of the interests of" the proposed intervenors.  *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991) (emphasis in original); *see also* Fed. R. Civ. P. 24(a)(2), Advisory Committee Note to 1966 Amendment ("If an [applicant] would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene").

The Unions' interests would, as a practical matter, be impaired if Plaintiffs were to prevail.  Plaintiffs seek an order invalidating Section 3550 and prohibiting the PERB Defendants from enforcing the law.  *See* Compl. at p. 18 (Prayer for Relief).  An adverse decision of this sort would impair the Unions' and their members' interests because the statute is only enforceable through PERB.

As such, an injunction prohibiting the PERB Defendants from enforcing the statute would leave the Unions and their current and prospective members without the remedy that Section 3550 provides.  That would impair the Unions' efforts to achieve their mission of organizing and representing workers to better their working

1  conditions.  *See* Answ. §I ¶9.  These practical impacts on the Unions' activities and

2  their members' interests easily satisfy the practical impairment requirement.

3          **4.      The Existing Parties May Not Adequately Represent the
               Unions' Interests**

4

5          To satisfy the fourth prong of the Rule 24(a) test—whether the intervention

6  applicant's interest is adequately represented by the existing parties—a proposed

7  intervenor need not show that the existing parties *will* behave detrimentally to the

8  applicant's interest.  Rather, the inadequacy requirement "is satisfied if the applicant

9  shows that representation of his interest *may* be inadequate; and the burden of

10  making that showing should be treated as minimal." *Trbovich v. United Mine*

11  *Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added; citation and internal

12  quotation marks omitted).  Moreover, it is not the *quality* of the existing parties'

13  representation that matters, but whether the existing parties will "undoubtedly make

14  all of the intervenor's arguments" and whether the intervenor "offers a necessary

15  element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v.*

16  *Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

17          Even if, as is frequently the case, the proposed intervenor and one or more of

18  the existing parties share the same ultimate objective (e.g., defeating a plaintiff's

19  claims), the courts in this Circuit routinely recognize an entitlement to intervene as

20  of right where, as here, the interests of the intervenor are more "narrow" or

21  "parochial" than those of the existing parties.  *Allied Concrete*, 904 F.3d at 1067;

22  *see, e.g.*, *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498-99

23  (9th Cir. 1995) (state and county "satisfied the minimal showing required" under the

24  "adequacy of representation" prong because "[t]he Forest Service is not charged with

25  a duty to represent [the intervenors'] asserted interests in defending against the

26  issuance of an injunction. ... The Forest Service is required to represent a broader

27  view than the more narrow, parochial interests of the State of Arizona and Apache

28  County"), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173.

Applying this rationale, labor unions have frequently been granted leave to intervene in lawsuits filed against California public officials to invalidate state laws that advance or protect the specific interests of the unions and their members.  Courts recognize that the interests of the labor intervenors in defending laws that protect their members are more "narrow" and "parochial" than California officials' broad and more abstract interest in defending the laws of the State.  *See, e.g.*, *Allied Concrete*, 904 F.3d at 1068 (union's "interests are potentially more narrow than the public's at large, and the State's representation of those interests '*may have been* inadequate'") (emphasis in original) (quoting *Mendonca*, 152 F.3d at 1190); *Mendonca*, 152 F.3d at 1189-90 (holding that labor union was entitled to intervene as of right where "the employment interests of [the union's] members were potentially more narrow and parochial than the interests of the public at large," so the union "demonstrated that the representation of its interests by the named defendants-appellees may have been inadequate"); *Western States Trucking Ass'n v. Schoorl*, 2018 WL 5920148, at *3 (E.D. Cal. Nov. 13, 2018) (union had right to intervene to defend against challenge to scope of California's employment-law protections); *Air Conditioning Trade Ass'n v. Baker*, 2012 WL 3205422, at *5 (E.D. Cal., Jul. 31, 2012) (granting labor organization right to intervene in contractors' challenge to standards for expansion of state-approved apprenticeship programs based on finding that representation by existing parties was inadequate because "the state defendants have a broader interest than [the union] as the proposed intervenor"); *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 2007 WL 1052820, at *4 (N.D. Cal. Apr. 5, 2007) ("[T]he Unions' members here have a personal interest in the enforcement of the Ordinance," while "the Defendant City and County of San Francisco represents the public generally, including businesses and employers who may claim to be harmed by the passage of the Ordinance."); *see also Associated Builders & Contractors of S. Cal., Inc. v. Nunn*, 356 F.3d 979, 983-84 (9th Cir. 2004) (noting that union was permitted to intervene to defend state law establishing

1    minimum wage scale for state-registered apprentices against preemption challenge);

2    *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1411-12 & n.8 (9th Cir.

3    1996) (newspaper guild entitled to intervene to defend city's boycott of newspaper

4    against preemption claim).

5         The courts' reasoning granting intervention as of right in these cases applies

6    with particular force here. There can be no question that the Unions' interests in

7    protecting themselves and their members against public employer activities

8    prohibited by Section 3550 are more "narrow" and "parochial" than PERB's interests

9    in neutrally adjudicating public employment labor-management disputes. PERB is a

10   quasi-judicial agency. The Unions and public employers routinely appear before

11   PERB as partisan adversaries, and PERB resolves their disputes. PERB must take

12   into the account the interests of public employers, employees, employee

13   organizations, and the general public when construing the statutes that it applies.

14   The Unions, in contrast, advocate for the interests of their members against what are

15   often the conflicting interests of public employers. The Unions' and PERB

16   Defendants' interests thus are not the same.

17        Likewise, the PERB General Counsel, who is named as a Defendant, acts in a

18   quasi-law enforcement capacity in investigating charges that allege violations of

19   Section 3550. The General Counsel must consider the views of both the charging

20   party and the charged party, and the General Counsel may not agree with the

21   charging party's interpretation of the law or the facts. If a complaint is issued, the

22   charging party (i.e. the labor organization or employee in the case of Section 3550) is

23   a party to the proceeding before the administrative law judge, before PERB, and

24   before the courts, and may not take the same position as the General Counsel or as

25   PERB.

26        In these circumstances, the neutral government agency responsible for

27   applying the state law that Plaintiffs challenge "may" not adequately advance the

28   Unions' interests as a party to PERB enforcement proceedings. *See Baker*, 2012 WL

1   3205422, at *5 (granting union's motion to intervene where defendants were

2   officials of state Division of Apprenticeship Standards (DAS), which was "neutral

3   decisionmaker in any application to approve or expand apprenticeship programs,"

4   while union was a "partisan[]," and thus "state defendants may not adequately

5   represent [union]'s interest"); *United States v. Palermino*, 238 F.R.D. 118, 123 (D.

6   Conn. 2006) (granting ACLU's motion to intervene in suit against officers of

7   Connecticut Department of Public Utility Control (DPUC), because "while the

8   DPUC is a neutral state-established adjudicative body seeking to clarify the outer

9   boundaries of its authority and to exercise such authority accordingly, the ACLU[]

10  … seek[s] to protect individuals and consumers generally from any improper

11  disclosure of their personal telecommunications activities," and the DPUC

12  Defendants were "sued in their capacity as officials of the neutral adjudicatory body,

13  DPUC, and thus do not represent the interests of private individuals/

14  telecommunications consumers championed by the ACLU[] ….); *see also California

15  Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 308 (E.D. Cal. 2011)

16  (granting motion to intervene as of right by Natural Resources Defense Council

17  (NRDC) because, while NRDC and defendant Agricultural Resources Board (ARB)

18  shared the same "ultimate objective" of defending regulation against plaintiffs'

19  preemption challenge, their interests were "neither 'identical' nor 'the same,'"

20  because "[t]he ARB is a public agency that must balance relevant environmental and

21  health interests with competing resource constraints and the interests of various

22  constituencies (including Plaintiff's), interests that can be, and here are, at odds with

23  the NRDC's interests").

24          The fact that PERB has not yet had occasion to interpret or apply Section 3550

25  provides another reason why the PERB Defendants "may" not adequately defend the

26  Unions' interests here.  PERB has institutional interests in allowing such

27  interpretations to be developed and applied through PERB adjudication of concrete

28  disputes.  Indeed, there is currently pending before PERB a group of consolidated

1  cases in which PERB has been asked to construe and apply the statute to an actual

2  dispute between public employers and employee organizations for the first time.  *See*

3  Exhs. 1, 2.  As a quasi-judicial agency, PERB must balance the interests of public

4  employers, employees, and employee organizations when construing Section 3550.

5  Since PERB has not yet interpreted the statute, there is no guarantee that it will adopt

6  an interpretation that is the same as that advanced by the Unions.  *Cf. Yniguez*, 939

7  F.2d at 738 (proponents of law had right to intervene to defend against constitutional

8  challenge to state law because state Attorney General had issued opinion "narrowly

9  construing" the state law, while proposed intervenors contended that the law "should

10 be construed broadly").  PERB itself would consider briefing and argument from

11 both public employers and employee organizations before issuing a decision about

12 the interpretation of Section 3550, and employee organizations could challenge

13 PERB's interpretation in the state courts, so the public employee labor relations

14 statutes contemplate that PERB may not adequately represent the Unions' interests.

15       Finally, the Unions' intimate and detailed knowledge of public employee

16 collective bargaining and the various ways in which public employers in California

17 have sought to unlawfully violate public employees' rights to freely choose to join or

18 remain in a union, and the Unions' knowledge of reasons that drove the legislative

19 advocacy leading to the enactment of Section 3550, both "offer[] a necessary

20 element to the proceedings that would be neglected" without the Unions'

21 participation.  *Sagebrush Rebellion*, 713 F.2d at 528.  The Unions have long

22 organized and represented public employees in California while fighting against

23 efforts by public employers to interfere with those employees' rights.  Answ. §I ¶1.

24 Some of the Unions also supported the legislative efforts that resulted in Section

25 3550's enactment.  *Id.*  Plaintiffs' complaint alleges that the Legislature's stated

26 reasons for adopting the legislation that became Section 3550 were "pretextual."

27 Compl. ¶26.  It would be unfair to leave that and other assertions about public

28 employee collective bargaining unchallenged and to allow Plaintiffs to challenge a

1    state law while barring labor organizations from participating in the proceedings and

2    contesting any arguments about the impact of the challenged law.

3    **B.      Alternatively, Permissive Intervention Should be Granted**

4        In the alternative, the Unions should be permitted to intervene pursuant to

5    Rule 24(b), which authorizes permissive intervention whenever an applicant "has a

6    claim or defense that shares with the main action a common question of law or fact."

7    Fed. R. Civ. P. 24(b)(1)(B).  The district court, in exercising discretion under Rule

8    24(b), must evaluate "whether the intervention will unduly delay or prejudice the

9    adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

10       Here, the Unions' defense of Section 3550 shares a common question of law

11   with the existing action: namely, whether Section 3550 is unconstitutional under the

12   First Amendment.  Further, there is no risk that the Unions' intervention will cause

13   undue delay or will prejudice any existing party; intervention has been sought at the

14   outset of the litigation, and the Unions – which are represented by the same counsel

15   and together seek intervention as a group – are not requesting any delay or alleging

16   any additional claims.  The Unions intend to file an opposition to Plaintiffs' pending

17   motion for a preliminary injunction by the same deadline that the PERB Defendants

18   will file their opposition to that motion.

19       In circumstances like the present, the Ninth Circuit has allowed a labor union

20   to intervene pursuant to Rule 24(b) to defend a state workers' compensation law

21   against federal claims, reasoning that the union's participation "added no claims or

22   issues to those already in the case, and did not complicate or delay resolution beyond

23   the need of plaintiffs to respond to additional briefing." *Emp. Staffing Servs., Inc. v.*

24   *Aubry*, 20 F.3d 1038, 1042 (9th Cir. 1994).  For these reasons, permissive

25   intervention is appropriate here as well.

26   **IV.    CONCLUSION**

27       For the reasons stated, the Court should grant the Unions' motion for leave to

28   intervene as defendants.

Dated: March 24, 2020

Respectfully submitted,

By: */s/ Scott A. Kronland*
    Scott A. Kronland

SCOTT A. KRONLAND
DANIELLE E. LEONARD
MATTHEW J. MURRAY
Altshuler Berzon LLP

*Attorneys for Proposed Intervenors California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association and California Labor Federation*

# EXHIBIT 1

STATE OF CALIFORNIA                                                      GAVIN NEWSOM, Governor

# PUBLIC EMPLOYMENT RELATIONS BOARD



Appeals Office
1031 18th Street, Suite 207
Sacramento, CA, 95811
Telephone: (916) 322-8226
Fax: (916) 327-9425



March 3, 2020

Andrew J. Ziaja, Attorney
Leonard Carder LLP
1999 Harrison St, Suite 2700
Oakland, CA  94612


Susan Garea, Attorney
Beeson, Tayer & Bodine
483 Ninth Street, Suite 200
Oakland, CA  94607


Timothy G. Yeung, Attorney
Sloan Sakai Yeung & Wong LLP
555 Capitol Mall, Suite 600
Sacramento, CA  95814

Re:    *American Federation of State, County & Municipal Employees, Local 3299 v. Regents*
       *of the University of California*
       Case No. SF-CE-1188-H

       *University Professional & Technical Employees—Communication Workers of America,*
       *Local 9119 v. Regents of the University of California*
       Case No. SF-CE-1189-H

       *Teamsters Local 2010 v. Regents of the University of California*
       Case No. SF-CE-1192-H

       *Teamsters Local 2010 v. Regents of the University of California*
       Case No. SF-PE-5-H
       **Notice of Combined Oral Argument**


Dear Parties:

The Public Employment Relations Board (PERB or Board) itself has reviewed the requests for oral argument regarding the parties' cross-exceptions in consolidated Case Nos. SF-CE-1188-H, SF-CE-1189-H, and SF-CE-1192-H, as well as Teamsters Local 2010's request to partially consolidate its dismissal appeal in Case No. SF-PE-5-H for the limited purpose of holding a combined oral argument on overlapping issues.  Based upon the Board's review, the Board grants the aforementioned requests and directs a combined oral argument in these four cases.

Oral argument is scheduled for **April 17, 2020 at 10:00 a.m.**, as a specially scheduled PERB public meeting. Oral argument will be held in Suite 103 at PERB's headquarters office located at 1031 18th Street, Sacramento, CA 95811. Each party shall have the right to appear in person, by counsel or by other representative, but only one counsel may argue for each separately represented party. The Board shall notify the parties no later than April 3, 2020 of the time apportioned for argument.

The Board invites argument as to whether it should apply its longstanding interference standards in evaluating alleged violations of Government Code § 3550, and, if not, what standards the Board should apply, including any potential defenses. In your argument, please address the following two questions and any others you believe are relevant:

1. What statutory construction best describes the relationship (if any) between § 3550 in the PEDD and § 3571.3 in HEERA?

2. When interpreting the terms "deter" and "discourage," what is the relevance (if any) of (a) the definition of "deter" in subdivision (a) of § 16645; (b) the employer's motive; (c) the truthfulness or misleading nature of the employer's communication or conduct; (d) the specific context in which the communication or conduct occurred; and (e) any other potentially relevant circumstances.

In answering the above questions, please discuss whether the same or different standards should apply in the two contexts presently before the Board. First, we seek input on the standards for determining whether an employer has violated § 3550 while communicating with unrepresented employees during a union organizing campaign. Second, we seek input on the standards for assessing allegations that an employer violated § 3550 through a mass communication to represented employees, and we specifically seek input on the extent to which the outcome may be influenced by an employer's compliance with § 3553.

In addition to these enumerated issues, the parties also may present any other arguments they believe are relevant to resolution of the issues raised in these cases, but The Board does not require a reiteration of the parties' briefs. The Board instead asks that you acknowledge and address opposing arguments, including those raised in any briefs to which you have not yet had the opportunity to respond.

The parties are directed to discuss and present the Board with all legal authority supporting their argument, including but not limited to relevant legislative history, administrative precedent and case law, as well as analogous administrative precedent and case law from other jurisdictions. The parties shall inform the Board by letter (not to exceed 2500 words) of any supplemental legal authority (i.e. legal authority not cited to in the parties' prior submissions to the Board itself) the parties wish to rely on at argument. The latter shall be filed with the Board itself and served on the other parties no later than April 10, 2020.

The parties are also welcome to solicit from non-parties petitions to submit informational briefs and/or to argue orally before the Board itself. Only those petitions satisfying the requirements of PERB Regulation 32210 will be considered. If a non-party petitions to submit

2

an informational brief, such petition must be accompanied by or combined with the proposed informational brief. Such informational briefs are akin to an amicus curiae brief, and shall be limited to 5,000 words. The determination whether to grant a petition under PERB Regulation 32210 is within the sole discretion of the Board.

A petition under PERB Regulation 32210, including a proposed informational brief where applicable, shall be filed and served by March 27, 2020. Should the Board grant one or more petitions, the Board will give notice to the parties and each will be afforded the opportunity to respond during oral argument. The Board shall rule on whether to accept such briefs and/or oral argument, and will notify the parties no later than April 3, 2020, including the time apportioned to each party or non-party for argument. The Board reserves the right to request post-argument briefing.

The additional submissions of parties and non-parties shall be filed at PERB's headquarters office. Service and proof of service requirements under PERB Regulation 32140 shall apply.

Each party is requested to contact the undersigned no later than March 13, 2020 to notify the Board of its intention to appear and present argument.

Sincerely,

Joseph Seisa
Appeals Assistant

3

# PROOF OF SERVICE

I declare that I am a resident of or employed in the County of Sacramento, California. I am over the age of 18 years and not a party to the within entitled cause. The name and address of my residence or business is Public Employment Relations Board, Appeals Office, 1031 18th Street, Suite 207, Sacramento, CA, 95811.

On March 3, 2020, I served the **Notice of Combined Oral Argument** regarding Case No. SF-CE-1188-H on the parties listed below by

   X  Placing a true copy thereof enclosed in a sealed envelope for collection and delivery by the United States Postal Service or private delivery service following ordinary business practices with postage or other costs prepaid.
\_\_\_\_Personal delivery.
\_\_\_\_Facsimile transmission in accordance with the requirements of PERB regulations 32090 and 32135(d).
\_\_\_\_Electronic service (e-mail).

Andrew J. Ziaja, Attorney
Leonard Carder LLP
1330 Broadway Suite 1450
Oakland, CA  94612

Susan Garea, Attorney
Beeson, Tayer & Bodine
483 Ninth Street, Suite 200
Oakland, CA  94607

Timothy G. Yeung, Attorney
Sloan Sakai Yeung & Wong LLP
555 Capitol Mall, Suite 600
Sacramento, CA  95814

Shondella Reed, Attorney
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 3, 2020, at Sacramento, California.

| | |
|---|---|
| J. Seisa | *J. Seisa* |
| (Type or print name) | (Signature) |

# EXHIBIT 2

STATE OF CALIFORNIA                                                                 GAVIN NEWSOM, Governor

# PUBLIC EMPLOYMENT RELATIONS BOARD



Appeals Office
1031 18th Street, Suite 207
Sacramento, CA, 95811-4124
Telephone: (916) 322-8231
Fax: (916) 327-9425



March 17, 2020

Andrew J. Ziaja, Attorney
Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA  94612

Susan Garea, Attorney
Beeson, Tayer & Bodine
483 Ninth Street, Suite 200
Oakland, CA  94607

Timothy Yeung, Attorney
Sloan Sakai Yeung & Wong LLP
555 Capitol Mall, Suite 600
Sacramento, CA  95814

Re:   *American Federation of State, County & Municipal Employees Local 3299 v.*
      *Regents of the University of California*
      Case No. SF-CE-1188-H

      *University Professional & Technical Employees—Communication Workers of*
      *America, Local 9119 v. Regents of the University of California*
      Case No. SF-CE-1189-H

      *Teamsters Local 2010 v. Regents of the University of California*
      Case No. SF-CE-1192-H

      *Teamsters Local 2010 v. Regents of the University of California*
      Case No. SF-PE-5-H
      **Notice of Continuance of Combined Oral Argument**

Dear Parties:

Due to Governor Newsom's directives regarding the COVID-19 state of emergency, the Public
Employment Relations Board (PERB or Board) has continued the scheduled combined oral
argument from Friday, April 17, 2020 to **Thursday, June 11, 2020** after the Public Board
Meeting.[1]

---
[1] The date for the oral argument is subject to change based on further state and federal
guidance during the state of emergency.

Case Nos. SF-CE-1188-H, SF-CE-1189-H; SF-CE-1192-H; and SF-PE-5-H
March 17, 2020
Page 2

The briefing deadlines have been changed as follows:

Friday, April 17 – Last day for non-party petitions to be filed.

Friday, May 15 – Last day for the Board to rule on non-party petitions and provide the parties, and any non-parties, with apportioned time for oral argument.

Thursday, June 4 – Last day for parties to submit supplemental legal authority.

Thank you for your time and consideration in this matter.

Sincerely,

Joseph Seisa
Appeals Assistant

# PROOF OF SERVICE

I declare that I am a resident of or employed in the County of Sacramento, California. I am over the age of 18 years and not a party to the within entitled cause. The name and address of my residence or business is Public Employment Relations Board, Appeals Office, 1031 18th Street, Suite 207, Sacramento, CA, 95811-4124.

On March 17, 2020, I served the Notice of Continuance of Combined Oral Argument regarding Case Nos. SF-CE-1188-H; SF-CE-1189-H; SF-CE-1192-H; and SF-PE-5-H on the parties listed below by

   X  Placing a true copy thereof enclosed in a sealed envelope for collection and delivery by the United States Postal Service or private delivery service following ordinary business practices with postage or other costs prepaid.
      Personal delivery.
      Facsimile transmission in accordance with the requirements of PERB regulations 32090 and 32135(d).
      Electronic service (e-mail).

Andrew J. Ziaja, Attorney
Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA  94612

Susan Garea, Attorney
Beeson, Tayer & Bodine
483 Ninth Street, Suite 200
Oakland, CA  94607

Timothy Yeung, Attorney
Sloan Sakai Yeung & Wong LLP
555 Capitol Mall, Suite 600
Sacramento, CA  95814

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 17, 2020, at Sacramento, California.

| | |
|---|---|
| J. Seisa | |
| (Type or print name) | (Signature) |