SCOTT A. KRONLAND (SBN 171693)
DANIELLE E. LEONARD (SBN 218201)
MATTHEW J. MURRAY (SBN 271461)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  skronland@altber.com
         dleonard@altber.com
         mmurray@altber.com

*Attorneys for Intervenor-Defendants California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association, and California Labor Federation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey I. Barke, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Eric Banks, *et al.*, <br><br> Defendants <br><br> and <br><br> California Teachers Association, *et al.*, <br><br> Intervenor-Defendants. | CASE NO.: 8:20-cv-00358-JLS-ADS <br><br> **[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS CALIFORNIA TEACHERS ASSOCIATION, SERVICE EMPLOYEES INTERNATIONAL CALIFORNIA STATE COUNCIL, CALIFORNIA FEDERATION OF TEACHERS, CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION, AND THE CALIFORNIA LABOR FEDERATION  TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Judge:  The Hon. Josephine L. Staton |

Intervenor-Defendants California Teachers Association ("CTA"), Service Employees International Union California State Council ("SEIU State Council"), California Federation of Teachers ("CFT"), California School Employees Association ("CSEA"), and California Labor Federation (collectively, "the Intervenor Unions") hereby answer the Complaint of Plaintiffs Jeffrey I. Barke, Ed Sachs, Laura Ferguson, Jim Reardon, Leighton Anderson, Phillip Yarbrough, and Rodger Dohm ("Plaintiffs"). Except as specifically admitted, all allegations are denied.

**I.     The Intervenor Union Defendants and Background**

1.   The Intervenor Unions are all labor organizations that represent, or whose constituent member organizations represent, public employees throughout California. The Intervenor Unions are each "employee organizations" referenced in Government Code Section 3550, the statute challenged as unconstitutional by this lawsuit. The Intervenor Unions have long organized and represented public employees in California while fighting against efforts by public employers to interfere with those employees' rights. These unions were also supporters of legislative efforts that resulted in Section 3550's enactment.

2.   Intervenor-Defendant CTA is a labor organization with more than 310,000 public employee members across the State, including teachers, counselors, psychologists, librarians, Education Support Professionals, and other non-supervisory certified and classified personnel in California's public schools and colleges. CTA has more than 1,000 local chapters in public school districts throughout California, and one statewide affiliate consisting of numerous bargaining chapters who work in community college districts. CTA represents public employees covered by the Educational Employment Relations Act ("EERA"), including public employees who work for some of the public employers for which Plaintiffs serve on governing boards.

3. Intervenor-Defendant SEIU State Council is a coalition of 17 local SEIU unions representing more than 700,000 employees in California—of which 550,000 are employed in the public sector—including school, university, city, county and state employees, janitors, social workers, security officers, and home care workers. The 550,000 public sector workers represented by the local unions that comprise the SEIU State Council include state, county, and local employees throughout the State. These local unions represent public employees covered by the EERA and Meyers-Milias-Brown Act ("MMBA").

4. Intervenor-Defendant CFT is a labor federation that comprises more than 135 local unions across California, representing more than 120,000 employees working at every level of public and private education in the state. CFT's local unions represent employees covered by the EERA and Higher Education Employer-Employee Relations Act ("HEERA").

5. Intervenor-Defendant CSEA is a statewide union that represents more than 250,000 classified public school employees throughout California, employed by K-12 districts, community colleges and county offices of education, who perform a wide range of essential work, including: security, food services, office and technical, school maintenance and operations, transportation, academic assistance and paraeducator services, and library and media assistance. CSEA represents employees covered by the EERA, including public employees who work for some of the public employers for which Plaintiffs serve on governing boards.

6. Intervenor-Defendant California Labor Federation is a federation of more than 1,200 unions in California, representing 2.1 million union members in both the public and private sector. California Labor Federation affiliates represent employees covered by the EERA and MMBA, including public employees who work for at least one of the public employers for which Plaintiffs serve on governing boards.

7. The Defendants named by Plaintiffs are all public officials, sued in their official capacities: the Board Members of the Public Employment Relations Board ("PERB") and its General Counsel. None of the existing Defendants are "employee organizations" referenced in Government Code Section 3550.

8. The PERB Board has not yet issued a decision resolving an unfair practice charge regarding Section 3550, and thus there is no Board decision interpreting or applying that statute (although some PERB administrative law judges have done so). Nor has the PERB Board nor any of its administrative law judges ever applied Section 3550 to a dispute involving speech of a member of a local government representative body, including any of the Plaintiffs. On information and belief, no charging party has ever filed a charge with PERB alleging a violation of Section 3550 based on the speech of a member of any local government representative body, including any of the Plaintiffs.

9. The ruling that Plaintiffs seek, invalidating Section 3550 as unconstitutional in whole or in part, would harm the Intervenor Unions and their members' interests by lifting the prohibition on public employers deterring or discouraging public employees from joining or supporting the Unions and their affiliates, thereby weakening the Unions and their ability to effectively represent public employees. Without Section 3550, the Unions would need to devote additional resources to countering the unfair tactics of public employers who choose, contrary to state policy, to deter union membership and unionization by their employees, which would divert those resources from other Union representational activities and thus frustrate the Unions' ability to carry out their missions.

10. Labor organizations, including Intervenor Unions, have been charging parties and litigants in PERB proceedings in the past, and have not always agreed with the interpretation and application of labor relations statutes by PERB. Labor organizations, including Intervenor Unions, have challenged PERB decisions in the state courts.

## II. Responses to Numbered Allegations of Plaintiffs' Complaint

INTRODUCTION

1. The Intervenor Unions admit that Paragraph 1 quotes from part of California Government Code Section 3550, which states in full:

> A public employer shall not deter or discourage public employees or applicants to be public employees from becoming or remaining members of an employee organization, or from authorizing representation by an employee organization, or from authorizing dues or fee deductions to an employee organization. This is declaratory of existing law.

The Intervenor Unions admit that Plaintiffs have filed a lawsuit alleging constitutional claims. The remaining allegations in Paragraph 1 are legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the remaining allegations of Paragraph 1.

2. Paragraph 2 consists of legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the allegations of Paragraph 2.

3. The Intervenor Unions admit that some of the Plaintiffs are elected local officials. The Intervenor Unions lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 3 regarding the positions held by the various Plaintiffs, and on that basis deny those allegations. The remaining allegations in Paragraph 3 consist of legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the remaining allegations of Paragraph 3.

4. Paragraph 4 consists of legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the allegations of Paragraph 4.

5. Paragraph 5 consists of legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the allegations of Paragraph 5.

6. Paragraph 6 consists of legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the allegations of Paragraph 6.

JURISDICTION AND VENUE

7. Paragraph 7 contains legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the allegations of Paragraph 7.

8. The Intervenor Unions deny that this Court has jurisdiction over Plaintiffs' claims. The Intervenor Unions admit that if this Court had jurisdiction over Plaintiffs' claims, venue would be proper under 28 U.S.C. §1391. The Intervenor Unions lack sufficient knowledge to admit or deny the factual allegations in Paragraph 8.

9. Paragraph 9 contains legal assertions to which no response is required. To the extent that a response is necessary, the Intervenor Unions deny the allegations of Paragraph 9.

PARTIES

I. Plaintiffs

10. The Intervenor Unions admit that some of the Plaintiffs are elected local officials. The Intervenor Unions lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 10, and on that basis deny those allegations. Paragraph 10 also contains legal assertions to which no response is required. The Intervenor Unions admit that Government Code Section 3552 contains a definition of "public employer," which speaks for itself. To the extent that a response is necessary, the Intervenor Unions deny the remaining allegations of Paragraph 10.

1  11. Paragraph 11 contains legal assertions to which no response is required.
2  The Intervenor Unions admit that Government Code Section 3552 contains a
3  definition of "public employer," which speaks for itself. To the extent that a
4  response is necessary, the Intervenor Unions deny the remaining allegations of
5  Paragraph 11.
6  12. The Intervenor Unions admit that Plaintiff Barke is a former member of
7  the Los Alamitos Unified School District Board of Education. The Intervenor
8  Unions lack sufficient knowledge to admit or deny the remaining factual allegations
9  in Paragraph 12, and on that basis deny those allegations. To the extent Paragraph
10 12 also contains legal assertions, no response to those allegations is necessary, but to
11 the extent a response is required, the Intervenor Unions deny those allegations.
12 13. The Intervenor Unions lack sufficient knowledge to admit or deny the
13 factual allegations in Paragraph 13, and on that basis deny the allegations. To the
14 extent Paragraph 13 also contains legal assertions, no response to those allegations is
15 necessary, but to the extent a response is required, the Intervenor Unions deny those
16 allegations.
17 14. The Intervenor Unions admit that Plaintiff Ferguson is a member of the
18 San Clemente City Council. The Intervenor Unions admit that certain employees of
19 the City of San Clemente are represented by the San Clemente City Employees'
20 Association, and that the Association has a collective bargaining agreement with the
21 City. The Intervenor Unions lack sufficient knowledge to admit or deny the
22 remaining factual allegations in Paragraph 14, and on that basis deny the allegations.
23 To the extent Paragraph 14 also contains legal assertions, no response to those
24 allegations is necessary, but to the extent a response is required, the Intervenor
25 Unions deny those allegations.
26 15. The Intervenor Unions admit that Plaintiff Reardon is a member of the
27 Board of Trustees of the Capistrano Unified School District. The Intervenor Unions
28 admit that teachers employed by the Capistrano Unified School District are

represented by the Capistrano Unified Education Association. The Intervenor Unions lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 15, and on that basis deny the allegations. To the extent Paragraph 15 also contains legal assertions, no response to those allegations is necessary, but to the extent a response is required, the Intervenor Unions deny those allegations.

16. The Intervenor Unions admit that Plaintiff Anderson is a member of the Board of Trustees of the Whittier Union High School District. The Intervenor Unions admit that certain employees of the Whittier Union High School District are represented by the Whittier Secondary Education Association, a labor organization affiliated with the California Teachers Association and the National Education Association. The Intervenor Unions lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 16, and on that basis deny the allegations. To the extent Paragraph 16 also contains legal assertions, no response to those allegations is necessary, but to the extent a response is required, the Intervenor Unions deny those allegations.

17. The Intervenor Unions admit that Plaintiff Yarbrough is a member of the Board of Trustees of the Rancho Santiago Community College District. The Intervenor Unions lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 17, and on that basis deny the allegations. To the extent Paragraph 17 also contains legal assertions, no response to those allegations is necessary, but to the extent a response is required, the Intervenor Unions deny those allegations.

18. The Intervenor Unions admit that Plaintiff Dohm is a member of the Ramona Unified School District Board of Education. The Intervenor Unions admit that certain teachers employed by the Ramona Unified School District ("RUSD") are represented by the Ramona Teachers Association ("RTA"), and the Association has a collective bargaining agreement with the District, and the language of the agreement speaks for itself. The Intervenor Unions lack sufficient knowledge to

admit or deny the remaining factual allegations in Paragraph 18, and on that basis deny the allegations. To the extent Paragraph 18 also contains legal assertions, no response to those allegations is necessary, but to the extent a response is required, the Intervenor Unions deny those allegations.

II. Defendants

19. The Intervenor Unions generally admit the allegations regarding the basic structure of PERB in Paragraph 19. To the extent that Paragraph 19 contains legal assertions, no response is necessary to those assertions.

20. The Intervenor Unions admit that PERB maintains a website: www.perb.ca.gov, with, as of March 24, 2020, a subpage: https://perb.ca.gov/the-board/the-board-and-its-duties/. As of March 24, 2020 that webpage stated that "The Board, through its actions and those of its staff, is empowered to:" and then lists the text quoted in Paragraph 20 in a bullet point list.

21. Paragraph 21 contains legal assertions to which no response is required. The Intervernor Unions admit that Government Code §3551 states in full:

> (a) Except as provided in paragraphs (b) and (c), the Public Employment Relations Board shall have jurisdiction over violations of this chapter. The powers and duties of the board described in Section 3541.3 shall apply, as appropriate, to this chapter.
> (b) For a public transit agency, the provisions in the Public Utilities Code that regulate labor relations shall govern violations of this chapter.
> (c) The employee relations commissions established by the County of Los Angeles and the City of Los Angeles shall have jurisdiction over violations of this chapter in the County of Los Angeles and the City of Los Angeles, respectively.

22. The Intervenor Unions admit that Felix De La Torre is the General Counsel of PERB. The remainder of Paragraph 22, including the footnote, contain

legal assertions for which no response is required, and to the extent a response is required, Intervenor Unions deny the allegations.

FACTUAL ALLEGATIONS

I. Senate Bill 285

23. The Intervenor Unions admit that Government Code Section 3550 originally codified one section of Cal. Stats.2017, c. 567 (S.B. 285) (effective Jan. 1, 2018). They also admit that S.B. 285 was introduced on February 9, 2017 by current California State Senate President Pro Tempore Toni G. Atkins, and that an amended version of S.B. 285 was introduced on March 14, 2017. The remainder of Paragraph 23 consists of characterizations of the legislative history and content of S.B. 285 and to the extent these allegations are legal assertions, no response is required. To the extent a response to these characterizations is required, the Intervenor Unions deny the allegations.

24. The Intervenor Unions admit that one section of S.B. 285, as enacted, was codified as Government Code 3550. The remainder of Paragraph 23 consists of characterizations of the legislative history and content of S.B. 285 and to the extent these allegations are legal assertions, no response is required. To the extent a response to these characterizations is required, the Intervenor Unions deny the allegations.

25. Paragraph 25 consists entirely of characterizations of S.B. 285 and its legislative history, and other legal assertions to which no response is necessary. To the extent a response is required, the Intervenor Unions deny the allegations in Paragraph 25.

26. Paragraph 26 consists entirely of characterizations of S.B. 285 and its legislative history, and other legal assertions to which no response is necessary. To the extent a response is required, the Intervenor Unions deny the allegations in Paragraph 26.

27. Paragraph 27 consists entirely of characterizations and legal assertions to which no response is necessary. To the extent a response is required, the Intervenor Unions deny the allegations in Paragraph 27.

II. Senate Bill 866

28. The Intervenor Unions admit that S.B. 866, which amended Government Code 3550 among many other provisions, was enacted on June 27, 2018, and provided "This act is a bill providing for appropriations related to the Budget Bill within the meaning of subdivision (e) of Section 12 of Article IV of the California Constitution, has been identified as related to the budget in the Budget Bill, and shall take effect immediately." The Intervenor Defendants admit current text of Section 3550 states: "A public employer shall not deter or discourage public employees or applicants to be public employees from becoming or remaining members of an employee organization, or from authorizing representation by an employee organization, or from authorizing dues or fee deductions to an employee organization. This is declaratory of existing law." The remainder of Paragraph 28 contains legal assertions for which no response is required, and to the extent a response is required, the Intervenor Unions deny the allegations.

29. The Intervenor Unions admit that S.B. 866 added Government Code Section 3553. Paragraph 29 partially quotes from Government Code Section 3553, the language of which speaks for itself and requires no response. To the extent that Paragraph 29 contains characterizations and legal assertions, those require no response, but to the extent a response is required the Intervenor Unions deny the allegations.

III. The Chilling Effects Of Section 3550 On Elected Representatives Of Public Employers

30. Paragraph 30 consists of legal assertions to which no response is necessary. To the extent a response is needed, the Intervenor Unions deny the allegations in Paragraph 30.

31. Paragraph 31 contains legal assertions and characterizations to which no response is necessary. To the extent a response is needed, the Intervenor Unions deny the allegations in Paragraph 31.

32. The Intervenor Unions lack sufficient knowledge to admit or deny the factual allegations in Paragraph 32, and on that basis deny the allegations.

33. The Intervenor Unions lack sufficient knowledge to admit or deny the factual allegations in Paragraph 33, and on that basis deny the allegations.

34. To the extent that Paragraph 34 contains factual allegations, the Intervenor Unions lack sufficient knowledge to admit or deny the factual allegations, and on that basis deny the allegations. To the extent that Paragraph 34 contains legal assertions, no response is necessary, but to the extent a response is needed, the Intervenor Unions deny the assertions.

35. To the extent that Paragraph 35 contains factual allegations, the Intervenor Unions lack sufficient knowledge to admit or deny the factual allegations, and on that basis deny the allegations. To the extent that Paragraph 35 contains legal assertions, no response is necessary, but to the extent a response is needed, the Intervenor Unions deny the assertions.

36. To the extent that Paragraph 36 contains factual allegations, the Intervenor Unions deny the factual allegations. To the extent that Paragraph 36 contains legal assertions, no response is necessary, but to the extent a response is needed, the Intervenor Unions deny the assertions.

37. To the extent that Paragraph 37 contains factual allegations, the Intervenor Unions deny the factual allegations. To the extent that Paragraph 37 contains legal assertions, no response is necessary, but to the extent a response is needed, the Intervenor Unions deny the allegations.

38. Paragraph 38 consists entirely of legal assertions that require no response; to the extent a response is needed, the Intervenor Unions deny the allegations.

CLAIM FOR RELIEF

Violation of the First Amendment to the United States Constitution (42 U.S.C. § 1983)

39. The Intervenor Unions incorporate the responses to previous paragraphs of the Complaint as its response to paragraph 39.

40. Paragraph 40 consists of legal assertions to which no response is required. To the extent that a response is required, the Intervenor Unions deny the allegations in Paragraph 40.

41. Paragraph 41 consists of legal assertions to which no response is required. To the extent that a response is required, the Intervenor Unions deny the allegations in Paragraph 41.

42. Paragraph 42 consists of legal assertions to which no response is required. To the extent that a response is required, the Intervenor Unions deny the allegations in Paragraph 42.

43. Paragraph 43 consists of legal assertions to which no response is required. To the extent that a response is required, the Intervenor Unions deny the allegations in Paragraph 43.

44. The Intervenor Unions deny the factual allegations in Paragraph 44. Paragraph 44 also contains legal assertions to which no response is required. To the extent that a response is required, the Intervenor Unions deny the allegations in Paragraph 44.

PRAYER FOR RELIEF

The Intervenor Unions deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

### III. Intervenor Unions' Affirmative Defenses

#### INTERVENOR UNIONS' FIRST AFFIRMATIVE DEFENSE
#### (Lack of Jurisdiction, Standing)

1. Plaintiffs lack constitutional and prudential standing to assert the claims pleaded in their Complaint.

#### INTERVENOR UNIONS' SECOND AFFIRMATIVE DEFENSE
#### (Lack of Jurisdiction, Ripeness)

2. The claims pleaded in Plaintiffs' Complaint are not ripe for adjudication.

#### INTERVENOR UNIONS' THIRD AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

3. Plaintiffs have failed to state a claim on which relief can be granted.

#### INTERVENOR UNIONS' FOURTH AFFIRMATIVE DEFENSE
#### (Qualified Immunity)

4. Defendants are entitled to qualified immunity.

#### INTERVENOR UNIONS' FIFTH AFFIRMATIVE DEFENSE
#### (Improper Joinder)

5. Plaintiffs' claims are not properly joined in the same single lawsuit.

Wherefore, the Intervenor Unions pray for the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing by way of this action;
2. For costs of suit; and
3. For such other, different, or further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 24, 2020 | Respectfully submitted, |
| | By: */s/ Scott A. Kronland* <br> Scott A. Kronland |
| | SCOTT A. KRONLAND <br> DANIELLE E. LEONARD <br> MATTHEW J. MURRAY <br> Altshuler Berzon LLP |
| | *Attorneys for Proposed Intervenors California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association and California Labor Federation* |