SCOTT A. KRONLAND (SBN 171693)
DANIELLE E. LEONARD (SBN 218201)
MATTHEW J. MURRAY (SBN 271461)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  skronland@altber.com
         dleonard@altber.com
         mmurray@altber.com

*Attorneys for Proposed Intervenors California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association, and California Labor Federation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey I. Barke, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Eric Banks, *et al.*, <br><br> Defendants. | CASE NO.: 8:20-cv-00358-JLS-ADS <br><br> **REPLY IN SUPPORT OF PROPOSED UNION INTERVENORS' MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS** <br><br> Hearing Date: May 8, 2020 <br> Hearing Time: 10:30 am <br> Location:     Courtroom 10A <br><br> Judge:  The Hon. Josephine L. Staton |

# TABLE OF CONTENTS

REPLY IN SUPPORT OF MOTION TO INTERVENE ............................................. 1

I.  The Unions Satisfy the Standard to Intervene as of Right. ............................... 1

    A.  Plaintiffs misstate the governing legal standard. ...................................... 1

    B.  Under *Allied Concrete*, the Unions' direct and more narrow interest establishes the potential for inadequacy of representation. ........ 3

    C.  Plaintiffs fail to distinguish *Allied Concrete* ............................................. 7

II. Alternatively, the Unions Should Be Granted Permissive Intervention. .......... 10

III. Plaintiffs' Complaints About the Meet and Confer Process Are Meritless. ..... 11

CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Air Conditioning Trade Ass'n v. Baker*,
  2012 WL 3205422 (E.D. Cal. Jul. 31, 2012)..........................................................5

*Allied Concrete and Supply Co. v. Baker*,
  904 F.3d 1053 (9th Cir. 2018)..........................................................................*passim*

*Animal Legal Def. Fund v. Otter*,
  300 F.R.D. 461 (D. Idaho 2014).........................................................................10

*Cal. Trucking Ass'n v. Becerra*,
  2019 WL 202313 (S.D. Cal. Jan. 14, 2019) ......................................................5, 6

*Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*,
  152 F.3d 1184 (9th Cir. 1998)..........................................................................*passim*

*Ctr. for Biological Diversity v. Envt'l Prot. Agency*,
  847 F.3d 1075 (9th Cir. 2017)................................................................................8

*Golden Gate Rest. Ass'n v. City and County of San Francisco*,
  2007 WL 1052820 (N.D. Cal. Apr. 5, 2007).........................................................5

*Home Care Ass'n of Am. v. Newsom*,
  2019 WL 5960141 (E.D. Cal. Nov. 13, 2019) ..................................................5, 6

*Idaho Bldg. & Constr. Trades Council v. Wasden*,
  2011 WL 5154286 (D. Idaho Oct. 28, 2011) .....................................................10

*PEST Comm. v. Miller*,
  648 F. Supp. 2d 1202 (D. Nev. 2009) ................................................................10

*Prete v. Bradbury*,
  438 F.3d 949 (9th Cir. 2006) ................................................................................2

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972) .........................................................................................2, 7

*United States v. Stevens*,
  559 U.S. 460 (2010) .............................................................................................7

*W. States Trucking Ass'n v. Schoorl*,
  2018 WL 5920148 (E.D. Cal. Nov. 13, 2018) .............................................. 5, 6, 7

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ............................................................................................... 4

*Word of Faith World Outreach Ctr. Church, Inc. v. Morales*,
  986 F.2d 962 (5th Cir. 1993) ............................................................................. 8

**California Statutes**

Cal. Gov't Code
  § 3550 ......................................................................................................*passim*

**Rules**

Fed. R. Civ. P.
  Rule 24 ................................................................................. 1, 10, 11, 12
  Rule 24(a) ........................................................................................... 2
  Rule 24(b) ......................................................................................... 10
  Rule 24(b)(1)(B) ............................................................................... 10

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

The Unions[1] meet the Rule 24 criteria for intervention as of right. The Unions' interests—protecting their relationships with their own current and prospective members against employers' attempts to undermine them that Cal. Gov't Code §3550 ("Section 3550") prohibits—are potentially more narrow than the general public interests that the State Defendants (the current members and general counsel of the Public Employment Relations Board ("PERB")) are charged with protecting. In *Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053, 1057-58, 1067-68 (9th Cir. 2018), the Ninth Circuit held that a union was entitled to intervene as of right in materially indistinguishable circumstances because of the potential that the government defendants may not adequately represent the union's potentially more narrow interests in the challenged statute. Plaintiffs' opposition offers no persuasive basis for distinguishing that binding precedent. Nor do Plaintiffs offer a persuasive basis for denying permissive intervention even if the Unions were not entitled to intervene as of right. That being so, the motion for leave to intervene should be granted.

**I.     The Unions Satisfy the Standard to Intervene as of Right.**

**A.     Plaintiffs misstate the governing legal standard.**

Plaintiffs concede that the Unions satisfy three of the four Rule 24(a) criteria for intervention as of right: timeliness; that the Unions have a "significant protectable" interest in this litigation; and that the disposition of this case "may impair or impede [the Unions'] ability to protect that interest." Dkt. 48 ("Opp.") at 9 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)). Plaintiffs contest only whether the Unions' interests may "not be adequately represented by existing parties." *Id*. (quoting *Arakaki*, 324 F.3d at 1083).

---

[1] California Teachers Association, Service Employees International Union California State Council, California Federation of Teachers, California School Employees Association, and California Labor Federation.

But Plaintiffs misstate the showing necessary to satisfy this criterion. A proposed intervenor need not show that the existing parties *have* behaved or *will* behave detrimentally to the applicant's interest. Rather, Rule 24(a)'s inadequacy requirement "is satisfied if the applicant shows that representation of his interest '*may* be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). The showing required is "minimal," *id.*, because intervention must be "timely" sought, Fed. R. Civ. P. 24(a), generally at the outset of the case, before the parties' arguments are known. At the outset of a case, intervention as of right is warranted so long as the proposed intervenor demonstrates the *potential* that the existing parties may not adequately represent its interests. *See Allied Concrete*, 904 F.3d at 1068 (union entitled to intervene because its "interests are *potentially* more narrow than the public's at large") (emphasis added).[2]

Plaintiffs also misconstrue the intervention standard as requiring a "compelling showing" of inadequacy of government representation that can be met only by demonstrating that a government defendant will make or fail to make specific legal or factual arguments. Opp. at 12-13 (quoting *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006)). The Ninth Circuit does *not* require such a showing where, as here, the proposed intervenor has a *direct* and *concrete* interest in the litigation, rather than a merely ideological interest.[3] Thus, in *Allied Concrete*—where a labor union sought to intervene to defend the legality of a prevailing wage statute in which its members had direct and concrete interest—the Ninth Circuit did

---

[2] Because the Unions need only establish the *potential* for inadequate representation at this early stage, that the PERB Defendants have moved to dismiss Plaintiffs' complaint on standing and ripeness grounds does not undermine the Unions' right to intervene. Plaintiffs cite no authority holding otherwise.

[3] In *Prete*, the proposed intervenor had a mere ideological affinity for the challenged statute. 438 F.3d at 954 ("public interest group" sought intervention because it "has supported a [ballot] measure").

2
REPLY ISO MOTION TO INTERVENE, No. 8:20-cv-00358-JLS-ADS

not refer to the "compelling showing" requirement. 904 F.3d at 1067-68; *see also Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1189-90 (9th Cir. 1998) (same). Rather, *Allied Concrete* held that the union had a right to intervene based on a showing that the union's "interests are potentially more narrow than the public's at large" and, therefore, that "the State's representation of those interests '*may have been* inadequate.'" 904 F.3d at 1068 (emphasis in *Allied Concrete*) (quoting *Mendonca*, 152 F.3d at 1190). The Unions have made that showing here.

### B. Under *Allied Concrete*, the Unions' direct and more narrow interest establishes the potential for inadequacy of representation.

*Allied Concrete* is materially indistinguishable from this case for purposes of intervention. The Ninth Circuit in *Allied Concrete* held that the district court had committed reversable error by denying a union intervention as of right to defend against a constitutional challenge to a California statute that directly implicated the union's and union members' interests. *Allied Concrete*, 904 F.3d at 1066-68. The plaintiffs had sued the state officials responsible for administering and enforcing California's prevailing wage law, alleging that one part of the law was unconstitutional under the Equal Protection Clause and preempted by federal statute. *Id.* at 1059. Before the state officials answered the complaint, the International Brotherhood of Teamsters ("IBT") moved to intervene. *Id.* The plaintiffs moved for preliminary injunctive relief on their Equal Protection claim, and the State defendants then moved to dismiss the complaint. *Id.* This case presents an almost identical procedural posture.

The district court in *Allied Concrete* denied IBT's motion to intervene and subsequently granted summary judgment to the plaintiffs on their Equal Protection claim. *Id.* at 1059-60. The Ninth Circuit reversed both the summary judgment order on the merits and the denial of the motion to intervene. Even though the Ninth Circuit held that the plaintiffs' claims failed on the merits—and thus that the State defendants had succeeded in defending the legal challenge—the Ninth Circuit held

that it was *still* error for the district court to have denied IBT's motion to intervene, and also that IBT's motion to intervene was not moot because the plaintiffs could still file a motion for rehearing en banc or a petition for writ of certiorari to the Supreme Court. *Id.* at 1066-67.

As relevant here, the Ninth Circuit rejected the plaintiffs' argument that IBT had failed to establish that the State officials would inadequately protect the union's interests, holding that IBT was entitled to intervene as of right because "IBT's interests are potentially more narrow than the public's at large, and the State's representation of those interests '*may have been* inadequate.'" *Id.* at 1068 (emphasis in *Allied Concrete*) (quoting *Mendonca*, 152 F.3d at 1190). The same reasoning applies here. Plaintiffs themselves concede that PERB is statutorily required to protect the interests of the "public" at large. Opp. at 18-19, 22. The Unions' interests in protecting their relationships with their own current and prospective members against unfair employer pressure prohibited by Section 3550 are more narrow than the interests of the general "public." Under *Allied Concrete*, that difference is dispositive. There is no guarantee that, throughout this litigation, PERB will offer an interpretation of the challenged statute that is as expansive as the Unions' interpretation or contest the Plaintiffs' factual assertions as vigorously as the Unions would.

Moreover, Plaintiffs are seeking a preliminary injunction against the enforcement of Section 3550. Part of the preliminary injunction test requires considering the harm to defendants if a preliminary injunction is granted. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (court evaluating preliminary injunction motion "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief") (internal quotation marks and citation omitted). The Unions and their current and prospective members—not PERB—are the parties who would suffer concrete harm if the enforcement of Section 3550 is enjoined. As such, PERB may not be able to adequately represent the Unions' interests at the preliminary injunction stage.

Indeed, California law presumes that neither PERB nor its general counsel will necessarily agree with unions or represent unions' interests. In an unfair labor practice proceeding alleging a violation of the Government Code provision at issue, the charging party prosecutes the case, files briefs before PERB, and can appeal or defend PERB's decision as a party in the State courts. *See* Dkt. 33-1 ("Mot.") at 4-5.

Plaintiffs point out that PERB has moved to dismiss this suit for lack of jurisdiction. But Plaintiffs intend to oppose that motion, and PERB's motion does not present any argument on the merits. *See* Dkt. 41-1 ("PERB MTD"). The issue of how the challenged statute should be interpreted is currently pending before PERB in its adjudicatory capacity, *id.* at 13-15, and therefore PERB's attorneys are limited in what arguments they can make about the meaning of the statute before PERB issues a decision. Plaintiffs face no such constraints, so the Unions' participation is necessary to avoid a potentially one-sided presentation.

Even in less compelling circumstances, district courts following *Allied Concrete*, and its predecessor *Mendonca*, have repeatedly recognized that unions are entitled to intervene as of right in cases materially indistinguishable from this one where a challenged statute is being defended by state agencies. *See Home Care Ass'n of Am. v. Newsom*, 2019 WL 5960141, at *3 (E.D. Cal. Nov. 13, 2019); *Cal. Trucking Ass'n v. Becerra*, 2019 WL 202313, at *1 (S.D. Cal. Jan. 14, 2019); *W. States Trucking Ass'n v. Schoorl*, 2018 WL 5920148, at *3 (E.D. Cal. Nov. 13, 2018); *Air Conditioning Trade Ass'n v. Baker*, 2012 WL 3205422, at *5 (E.D. Cal. Jul. 31, 2012); *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 2007 WL 1052820, at *4 (N.D. Cal. Apr. 5, 2007).

Plaintiffs assert the recent decision in *Home Care Association v. Newsom* provides no guidance because it merely "appl[ied]" Ninth Circuit precedents "with little analysis." Opp. at 21. But Judge Ishii analyzed the very same contention about the adequacy of the government's representation that the Plaintiffs make here and cogently explained why it was "not persuasive":

> [T]he state is trying to defend the enforceability of its law while the union is trying to obtain the benefits of the law for itself or its members. The Ninth Circuit has found that the latter interest is potentially narrower than the former in a way that meets the fourth prong of the Rule 24(a)(2) intervention test. Notwithstanding the more general *Arakaki* language, *Mendonca* and *Allied Concrete* are the governing precedent in this situation.

*Home Care Ass'n*, 2019 WL 5960141, at *3.

In *California Trucking Association*, Judge Benitez reached the same conclusion, explaining that:

> Courts routinely grant labor unions leave to intervene in lawsuits filed against California public officials to invalidate state laws protecting the union members' employment interests. For such cases, courts recognize that the interests of the labor intervenors in protecting their members are more "narrow" and "parochial" than California State officials' broad and more abstract interest in defending the laws of the State.

2019 WL 202313, at *3. As here, plaintiffs in *California Trucking Association* "argue[d] the existing State defendants will adequately represent [the union's] interests by virtue of defending their own law," and Judge Benitez recognized that "[t]he Ninth Circuit's findings in *Mendonca* and *Allied Concrete* ... are dispositive on this issue and say otherwise." *Id.*

The recent decision in *Western States Trucking Association* also rejects the same argument Plaintiffs make here. 2018 WL 5920148, at *2. Indeed, Judge England granted the union's motion to intervene in that case over the objections of the Attorney General and the Department of Industrial Relations, concluding that:

> [T]he Ninth Circuit's *Mendonca* and *Allied Concrete* decisions are dispositive. In both instances, the Court found that "because the employment interest of IBT's members were potentially more narrow and parochial tha[n] the interests of the public at large, IBT demonstrated that the representations of its interest by existing parties' may have been inadequate." *Mendonca*, 152 F.3d at 1190; *see also Allied Concrete*, 904 F.3d at 168 (same). While both Western States and Defendants argue that the existing parties will adequately represent IBT's interests, with Defendants in particular asserting that the California Attorney General and the Director of California's

>Department of Industrial Relations have more interest than anyone in defending and ensuring faithful application of state wage orders and labor laws, that argument even if correct does not detract from the Ninth Circuit's virtually on-point findings in *Mendonca* and *Allied Concrete*.

*Id.* (bracket omitted).  The same reasoning applies here.

### C. Plaintiffs fail to distinguish *Allied Concrete*.

Plaintiffs proffer reasons for distinguishing controlling Ninth Circuit precedent, but none of them is persuasive.

First, Plaintiffs argue that the Unions' motion is premature because the PERB Defendants have not yet taken an action proving that they will not adequately protect the Unions' interests.  Opp. at 10-11.  Plaintiffs have the timing backwards.  Motions to intervene should be timely filed at the outset of litigation, before the existing party has presented its arguments, Mot. at 10, and intervention will be granted where the existing party's representation of the intervenor's interest "may be" inadequate. *Trbovich*, 404 U.S. at 538 n.10; *Allied Concrete*, 904 F.3d at 1068.  As explained *supra* at 3, the motion to intervene in *Allied Concrete* was brought in an almost identical procedural posture to the motion here, before the State defendants had filed their motion to dismiss, and the Ninth Circuit held that the motion should have been granted, not rejected as premature.

Second, Plaintiffs concede that PERB may offer a different interpretation of Section 3550 than the Unions,[4] but Plaintiffs contend that difference will be irrelevant here because Plaintiffs are challenging the constitutionality of the law.  Opp. at 16-17.  Yet "it is impossible to determine whether a statute reaches too

---

[4] As previously explained, the potential that PERB may not agree entirely with the Unions about how to interpret Section 3550 is not a farfetched hypothetical. PERB has scheduled oral argument in a pending proceeding about what the challenged statute means and has invited briefing from both union and employer amici.  PERB MTD at 14-15; Dkt. 42-1 Exs. E & F.  Moreover, several PERB administrative law judges have rejected union arguments about how the statute should be construed.  *See* PERB MTD at 13-14 (discussing ALJ decisions).

far without first knowing what the statute covers." *United States v. Stevens*, 559 U.S. 460, 474 (2010) (internal quotation marks and citation omitted); *see also Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993) ("Anytime a court declares a state statute unconstitutional, it first must determine just what the statute means."). As such, the Court may well find it necessary to interpret the challenged statute, and Plaintiffs therefore cannot brush aside as irrelevant the potential divergence in the positions of the Unions and PERB simply because Plaintiffs are bringing a constitutional challenge. *Allied Concrete* also involved a constitutional challenge.[5]

Third, Plaintiffs say this case is different from *Allied Concrete* and similar cases because the challenged law here was adopted to serve the "public interest." Opp. at 18-19, 22. But the same is true of *all* legislation, including the prevailing wage law in *Mendonca* and *Allied Concrete*, the public records law in *Home Care Association*, and the labor standards laws in *California Trucking Association* and *Western States*. That does not mean private parties cannot also have potentially more narrow and parochial interests in such legislation. Interested parties are routinely given leave to intervene to defend narrow government decisions that serve the "parochial" interests of the intervenor; for example, when a regulated entity intervenes to defend the government's issuance of a permit to that party. *See, e.g.*, *Ctr. for Biological Diversity v. Envt'l Prot. Agency*, 847 F.3d 1075, 1081 n.3 (9th Cir. 2017) (A "number of pesticide [producers] successfully moved to intervene" as defendants in challenge to EPA's approval of several pesticides). That the proposed

---

[5] Plaintiffs contend that to show inadequacy based on differing interpretations of a challenged statute, "the proposed intervenor must demonstrate a likelihood that the government will abandon or concede a potentially meritorious reading of the statute." Opp. at 15 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)). Under *Allied Concrete* and *Mendonca*, no such showing is necessary here. In any event, as explained *supra* at 5, the ability of PERB's counsel to adopt and defend a "potentially meritorious reading" of the challenged statute is constrained here because PERB has not yet issued a formal decision setting forth PERB's interpretation of the statute.

intervenor has a special interest in defending the government action, not shared with the public at large, is a reason to *grant*, not deny a motion for leave to intervene, as *Allied Concrete* and the other cases cited in the Unions' motion make clear.

Fourth, Plaintiffs assert that this case is special because PERB, as an independent agency, can use its own attorneys to represent itself, rather than relying on the Attorney General. Opp. at 7, 18-19. Plaintiffs offer no coherent reason why this should matter, and there is none. In any event, the Department of Industrial Relations used its own attorneys, not the Attorney General, in *Allied Concrete* and *Mendonca*. *See Allied Concrete*, 904 F.3d at 1057 (listing counsel); *Mendonca*, 152 F.3d at 1185 (listing counsel).

Fifth, Plaintiffs contend that there was "a possibility of the state's interests and the union's interests becoming antagonistic" in *Allied Concrete* and *Mendonca*, because "tax payers ultimately would foot the additional costs incurred by contractors required to pay a prevailing wage on public works projects." Opp. at 20. But this was not the basis for the Ninth Circuit's decisions. In any event, a similar risk is present here. The law that Plaintiffs challenge also restricts the activities of the State and its agencies (in their employer capacities), and the State and its agencies could incur costs to defend against allegations that they violated that law. There also is a possibility that unions and PERB would become adversaries in state court litigation challenging a PERB decision that interprets and applies Section 3550.

Finally, Plaintiffs hypothesize that, in *Mendonca,* the district court must have gleaned from a motion filed by the government that the government's representation would in fact be inadequate. Opp. at 20. The Ninth Circuit said no such thing in *Mendonca*. The district court *granted* the government's motion to dismiss the complaint in *Mendonca*—successfully achieving the same goal sought by the intervenor union—so the government's motion was *not* inadequate. *Mendonca*, 152 F.3d at 1186. Moreover, in *Allied Concrete*, the Ninth Circuit ruled for the government on the merits yet still said the district court had erred by denying the union's motion for leave to intervene, and further held that the union's motion to

intervene was not moot because of the potential for lack of adequate representation in the future. 904 F.3d at 1066-67. *Allied Concrete* thus entirely forecloses Plaintiffs' argument that the Unions must prove that PERB *will not* adequately protect the Unions' interests, rather than that there is a potential for inadequate representation of the Unions' interests.

In sum, Plaintiffs fail to distinguish controlling precedent, and the Unions' motion for intervention as of right should be granted.

## II. Alternatively, the Unions Should Be Granted Permissive Intervention.

Even if the Unions were not entitled to intervene of right, they would qualify for permissive intervention under Rule 24(b). Plaintiffs concede that the Unions satisfy the threshold requirement for permissive intervention, which requires that the proposed intervenor have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Plaintiffs contend that permissive intervention should be denied because the Unions are not entitled to intervene as of right. Opp. at 23-24. They are wrong about the Unions' entitlement to intervene as of right, *supra* at 1-10, but even were that not the case, the only time permissive intervention under Rule 24(b) is *ever* appropriate is when the proposed intervenor is not entitled to intervene as of right. Plaintiffs' interpretation of Rule 24 would make permissive intervention meaningless.[6]

---

[6] Plaintiffs cite cases in which district courts denied permissive intervention but nonetheless allowed the proposed intervenor to file a substantive amicus brief on the merits. *See Animal Legal Def. Fund v. Otter*, 300 F.R.D. 461, 465 (D. Idaho 2014); *Idaho Bldg. & Constr. Trades Council v. Wasden*, 2011 WL 5154286, at *3 (D. Idaho Oct. 28, 2011); *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009). The Court here, however, has ordered that the Unions may file a substantive brief only if the Court grants leave to intervene. Dkt. 40 at 2. Plaintiffs cite no authority for denying both intervention and the opportunity to file a substantive brief where the proposed intervenor satisfies the threshold requirements for permissive intervention.

|   |   |
|---|---|
| 1 | Plaintiffs' only other argument against permissive intervention is to contend that intervention will cause delay, but they provide no basis for that assertion, and there is none. Opp. at 24. Plaintiffs urge that their motion for a preliminary injunction already "was delayed to allow this Motion to be considered." Opp. at 24. But that is not correct. The Unions moved to intervene at the outset of this case and did not seek any change to the existing schedule. Dkts. 33, 34. This Court moved the hearing on Plaintiffs' preliminary injunction motion because the COVID-19 public health crisis precluded "an in-person hearing" on that motion on its previously noticed date. Dkt. 40 at 2. |

### III. Plaintiffs' Complaints About the Meet and Confer Process Are Meritless.

Finally, the Court should reject Plaintiffs' contention that the motion to intervene should be "summarily denied" based on a purported failure to comply with the Local Rules. Opp. at 10-12.

As an initial matter, there is no basis for Plaintiffs' misleading claim that "[t]he Court's reminder to Movants 'to comply with both the letter and spirit of the Local Rules and the procedures that govern litigation before this Court' (ECF Dkt. No. 40), fell on deaf ears." Opp. at 11. That "reminder" was directed to "*all parties* to this litigation, and their respective counsel," and it was issued *after* the Unions filed the motion at issue here. Dkt. 40 at 2 (emphasis added).

Equally to the point, the meet and confer process did comply with both the letter and spirit of the Local Rules, and Plaintiffs are misrepresenting what occurred. The Unions alerted all parties that the Unions intended to file a motion seeking leave to intervene to defend the challenged statute and then scheduled a conference call with counsel for all parties. Declaration of Danielle Leonard, filed herewith ("Leonard Decl.") ¶2. During that conference call, the Unions explained that they sought to intervene to defend against Plaintiffs' constitutional challenge to Section 3550; that the Unions, as the parties protected by that statute, have different interests than PERB, the neutral state agency that would hear and resolve disputes between unions and public employers regarding the statute; and that the Unions satisfied the

standard for intervention as of right under Rule 24 (because, under governing Ninth Circuit precedent, unions are entitled to intervene as of right to defend a challenge to a state statute that protects the union's members where the plaintiffs have brought suit against the government entity that administers or enforces the law). *Id.* ¶¶6, 10-11, 13.

During that conference call, which was not "perfunctory," Plaintiffs' counsel and the Unions' counsel disagreed about the Rule 24 standards for intervention. *Id.* ¶¶5, 10-11, 13. No party suggested that, as is often the case with motions to dismiss or discovery disputes, there was something Plaintiffs could *do* (like amend their complaint or produce documents) that would make any difference whatsoever regarding the necessity for the Unions to file a motion for leave to intervene. *Id.* ¶7.[7]

PERB's counsel stated during the meet and confer call that PERB would not oppose the Unions' motion to intervene. *Id.* ¶8. Plaintiffs' counsel stated that Plaintiffs would not provide their position on the motion without seeing the Unions' argument in writing. *Id.* ¶¶9, 12. The parties then discussed scheduling for the motion for leave to intervene. *Id.* ¶11. The Unions' counsel subsequently sent Plaintiffs a letter reiterating the Unions' position and citing the directly on-point Ninth Circuit decision in *Allied Concrete*. *Id.* ¶¶14, 16; Dkt. 36-2 Ex. B (letter).

Plaintiffs are just pretending that they did not understand the Unions' straightforward argument for intervention or the case authority that supports it.

---

[7] Plaintiffs suggest that the Unions should have used the meet and confer call to force PERB's counsel to disclose PERB's planned litigation strategy. Opp. at 11-12. But PERB is not obligated to share that information with the Unions, much less with Plaintiffs suing PERB. As Plaintiffs point out, PERB is an independent agency. Opp. at 18-19. As demonstrated above, moreover, the standard for intervention is whether PERB "may not" adequately represent the Unions' interests during the course of the litigation, which does not require the Unions to prove what positions PERB will or will not take. Indeed, PERB has not even heard oral argument yet in the first case before all the PERB members about what the challenged statute means, and it would not be possible for PERB's counsel to know the outcome of that adjudicatory proceeding. *See* PERB MTD at 14-15.

Plaintiffs also have not explained how the filing of a motion for leave to intervene could have been avoided. As such, Plaintiffs' misleading complaints about the meet and confer process should be rejected.

## CONCLUSION

For the reasons stated, the Court should grant the Unions' motion for leave to intervene as defendants.

Dated: April 24, 2020                    Respectfully submitted,

By: */s/ Scott A. Kronland*
    Scott A. Kronland

SCOTT A. KRONLAND
DANIELLE E. LEONARD
MATTHEW J. MURRAY
Altshuler Berzon LLP

*Attorneys for Proposed Intervenors California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association and California Labor Federation*