SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
DAVID A. SCHWARZ, Cal. Bar No. 159376
dschwarz@sheppardmullin.com
JAY T. RAMSEY. Cal. Bar No. 273160
jramsey@sheppardmullin.com
ALEXANDRA M. JACKSON. Cal. Bar No. 327689
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

| LAW OFFICE OF MARK W. BUCHER | CENTER FOR INDIVIDUAL RIGHTS |
|---|---|
| Mark William Bucher (Cal. Bar No. 210474) | Michael E. Rosman |
| markb@calpolicycenter.org | rosman@cir-usa.org |
| 18002 Irvine Blvd Ste 108 | 1100 Connecticut Ave., NW, Suite 625 |
| Tustin, CA 92780-3321 | Washington, DC 20036 |
| Telephone:  714.573.2201 | Telephone:  202.833.8400 |
| Facsimile:   714.573.2297 | Facsimile: 202.833.8401 |
| | (admitted *pro hac vice*) |

*Attorneys for Plaintiffs*
Jeffrey I. Barke, Ed Sachs, Laura Ferguson,
Jim Reardon, Leighton Anderson,
Phillip Yarbrough, and Rodger Dohm

[Attorneys for Defendants listed in signature block]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey I. Barke, et al., | Case No. 8:20-cv-00358-JLS-ADS |
|    Plaintiffs, | **JOINT RULE 26(F) REPORT** |
|   v. | |
| Eric Banks, et al., | |
|    Defendants and Intervenor-Defendants. | Date:   June 5, 2020<br>Time:   10:30 a.m.<br>Location: Courtroom 10-A |
| | *The Honorable Josephine L. Staton* |

Plaintiffs Jeffrey I. Barke, Ed Sachs, Laura Ferguson, Jim Reardon, Leighton Anderson, Phillip Yarbrough, and Rodger Dohm (collectively, "Plaintiffs"), defendants Eric Banks, Erich Shiners, Arthur A. Krantz, and Lou Paulson, in their official capacities as members of the California Public Employment Relations Board (the "Board"), and J. Felix De La Torre, in his official capacity as General Counsel of the Board (collectively, "PERB"), and intervenor-defendants California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association, and California Labor Federation (the "Unions"), provide the following Joint Rule 26(f) report, following the conference of counsel that took place on May 14, 2020.

## A.  STATEMENT OF THE CASE

This case presents a First Amendment challenge to California Government Code section 3550 ("Section 3550"), which provides:

> A public employer shall not deter or discourage public employees or applicants to be public employees from becoming or remaining members of an employee organization, or from authorizing representation by an employee organization, or from authorizing dues or fee deductions to an employee organization.  This is declaratory of existing law.

The complaint was filed by seven public officials who sit on the governing bodies of local or municipal public employers in California, including school districts, city councils, a community college district, and a community service district.  Plaintiffs allege that Section 3550 has vague and overbroad terms that chill free speech and constitute viewpoint discrimination.  They assert a cause of action for violation of their First Amendment rights under 42 U.S.C. § 1983.  They seek a preliminary and permanent injunction precluding the enforcement of Section 3550.

The defendants are members of the California Public Employment Relations Board and the General Counsel of the Board, all sued in their official capacities.  These individuals are charged with, among other things, investigating, asserting, and adjudicating disputes regarding alleged violations of Section 3550.  In addition, the

Unions, as intervenor-defendants, represent various collective bargaining units of public employees in California. PERB and the Unions assert that Plaintiffs do not have standing to bring their claims, their claims are not ripe, and Section 3550 does not violate Plaintiffs' First Amendment rights.

**B.  LEGAL ISSUES**

The following are the key legal issues in the case.

1. Whether Plaintiffs have standing under Article III of the United States Constitution to assert their claims.

2. Whether Plaintiffs' claims are ripe for resolution.

3. Whether Section 3550 violates Plaintiffs' First Amendment rights.

**C.  DAMAGES**

Plaintiffs are not seeking an award of damages in the case.

**D.  INSURANCE**

There is no insurance coverage relevant to the action.

**E.  MOTIONS**

The following motions have already been filed:

1. Plaintiffs filed a motion for preliminary injunction, seeking to enjoin PERB from enforcing Section 3550 during the pendency of this action. Plaintiffs' motion for preliminary injunction is set for hearing on July 10, 2020.

2. PERB filed a motion to dismiss the Complaint for lack of Article III standing and ripeness. The Unions have filed a joinder in that motion. The motion to dismiss is set for hearing on July 10, 2020.

3. Proposed-Intervenor California Attorney General Xavier Becerra (the "AG") has moved to intervene in the action as a defendant. The AG's motion to intervene is set for hearing on August 21, 2020.

If this case proceeds beyond the motion to dismiss, the parties expect that there would be summary judgment motions filed, with each side moving of entry of judgment in its favor. The parties have preliminarily discussed whether these cross-

motions for summary judgment could be decided based on stipulated facts. The parties will continue to explore this option if the case progresses beyond the motion to dismiss.

**F.   COMPLEXITY**

The parties agree that the procedures set forth in the Manual for Complex Litigation should not be used in this case.

**G.   STATUS OF DISCOVERY**

Discovery has not yet commenced and, as of the date of the filing of this report, the parties will not have exchanged initial disclosures.

**H.   DISCOVERY PLAN**

The parties agree that, other than exchanging initial disclosures as set forth below, they will not commence discovery until after the Court issues a ruling on PERB's motion to dismiss and Plaintiffs' motion for preliminary injunction. Further, as reflected in the chart below, the parties have agreed to a fact discovery cut-off of December 18, 2020. As for the remainder of the issues in Rule 26(f)(3), the parties state the following:

**26(f)(3)(A)   Initial Disclosures**

The parties have agreed to exchange initial disclosures on or before May 29, 2020. The parties do not believe there need to be any other changes to the timing or manner of initial disclosures.

**26(f)(3)(B)   Subjects of Discovery / Phases**

The parties agree that no phasing of discovery is required. As for the subjects of discovery, the parties set forth their positions below.

*Plaintiffs Statement.*  Discovery in this case is likely to be very limited. Challenges to the constitutionality of statutes generally involve pure questions of law. As a result, many well-known constitutional challenges have been decided without discovery, including the First Amendment challenge in *Citizens United v. FEC*, 130 S. Ct. 876 (2010); the Second Amendment challenge in *District of*

*Columbia v. Heller*, 554 U.S. 570, 576 (2008); the constitutional challenge to the Voting Rights Act in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013); and the challenges to the constitutionality of various aspects of the Affordable Care Act in *National Federation of Independent Businesses v. Sebelius*, 132 S. Ct. 2566 (2012) and *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014). Accordingly, Plaintiffs agree that discovery should be held in abeyance pending disposition of the motion to dismiss and the motion for preliminary injunction. The parties can revisit the need for and/or the scope of discovery based on the outcome of those hearings and the parties' ability to agree on stipulated facts.

*PERB's and Unions' Statement.* Plaintiffs' complaint should be dismissed for lack of standing and ripeness, making discovery unnecessary. If the case were to progress past the motion to dismiss stage, and the parties were unable to agree upon stipulated facts, PERB and the Unions would plan to take written discovery and depositions of the seven individual Plaintiffs to explore the vague factual assertions made in their Complaint and in their declarations in support of their motion for preliminary injunction, including the factual bases for their speculative assertions regarding what injury, if any, Section 3550 might cause them. Their pleading and declarations to date have not established that they have suffered any such injury.

**26(f)(3)(C)  Electronically Stored Information**

The parties do not foresee any issues with respect to the disclosure, discovery, or preservation of electronically stored information ("ESI"). To the extent ESI becomes an issue in the case, the parties will work together to resolve any issues. If they are unable to resolve their issues, they will bring it to the Court's attention.

**26(f)(3)(D)  Privilege Issues**

The parties do not foresee this case raising any unusual issues regarding attorney-client privilege or the work-product doctrine. To the extent an issue arises, the parties will work together to resolve any issues. If they are unable to resolve their issues, they will bring it to the Court's attention.

**26(f)(3)(E)   Discovery Limitations**

The parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

**26(f)(3)(F)   Protective Order**

The parties are continuing to discuss the need for a stipulated protective order. To the extent one is needed, the parties will submit a stipulated protective order for the Court's approval.

## I.   EXPERT DISCOVERY

As reflected in the chart below, the parties have agreed to an expert discovery cutoff date of March 12, 2021.

## J.   DISPOSITIVE MOTIONS

As noted above, PERB filed a motion to dismiss the Complaint for lack of Article III standing and ripeness, and the Unions have filed a joinder in that motion. The motion to dismiss is set for hearing on July 10, 2020.  If this case proceeds beyond the motion to dismiss, as noted above, the parties expect that there would be summary judgment motions filed, with each side moving of entry of judgment in its favor.  The parties have preliminarily discussed whether these cross-motions for summary judgment could be decided based on stipulated facts.  The parties will continue to explore this option if the case progresses beyond the motion to dismiss.

## K.   ADR SELECTION

The parties agree on ADR Procedure No. 2 (Court Mediation Panel). However, the parties agree that settlement is unlikely, given the nature of the dispute, which is focused on the constitutionality of a state statute.

## L.   SETTLEMENT EFFORTS

The parties have not had any settlement discussions.  As noted above, the parties agree that settlement is unlikely, given the nature of the dispute, which is focused on the constitutionality of a state statute.

**M.  PRELIMINARY TRIAL ESTIMATE**

Trial, if one is necessary, will be to the Court. The parties estimate that trial will last approximately three to five days. Plaintiffs expect to call between 7 and 10 witnesses. PERB expects to call between zero and one witnesses. The Unions expect to call between zero and two witnesses.

**N.  IDENTIFICATION OF TRIAL COUNSEL**

For Plaintiffs: David Schwarz, Jay Ramsey, Alexandra Jackson, Mark W. Bucher, and Michael E. Rosman.

For PERB: Wendi Ross, Joseph Eckhart, Jeremy Zeitlin, and Daniel Crossen.

For the Unions: Scott A. Kronland, Danielle E. Leonard, and Matthew J. Murray.

**O.  INDEPENDENT EXPERT OR MASTER**

The parties agree that this case is not suitable for the appointment of an independent expert under Rule 53.

**P.  OTHER ISSUES**

The parties do not believe that there are any other issues that the Court needs to address at this time.

**Q.  PROPOSED CASE SCHEDULE**

The parties propose the following case schedule based on the Court's presumptive case schedule.

| Matter | Court's Presumptive Deadline | Parties' Request | Reason for Change from Presumptive Deadline (if any) |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | August 4, 2020 | No change from presumptive deadline |

| Matter | Court's Presumptive Deadline | Parties' Request | Reason for Change from Presumptive Deadline (if any) |
|---|---|---|---|
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | December 18, 2020 | The parties requested fact discovery cut-off date is 20 weeks before the FPTC, rather than 18. The parties have requested this modification so that discovery does not end on January 1, 2021, which may potentially require the parties to engage in discovery over the holidays. |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | January 15, 2021 | No change from presumptive deadlines for remaining dates |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | January 15, 2021 | |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | February 12, 2021 | |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | March 5, 2021 | |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | March 12, 2021 | |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | March 19, 2021 | |

| Matter | Court's Presumptive Deadline | Parties' Request | Reason for Change from Presumptive Deadline (if any) |
|---|---|---|---|
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | April 9, 2021 | |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | May 7, 2021 at 10:30 a.m. | |

Dated:  May 21, 2020          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                              By    */s/ Jay T. Ramsey*
                                  DAVID A. SCHWARZ
                                  JAY T. RAMSEY
                                  ALEXANDRA M. JACKSON

                              LAW OFFICE OF MARK W. BUCHER
                                  Mark William Bucher

                              CENTER FOR INDIVIDUAL RIGHTS
                                  Michael E. Rosman

                              Attorneys for Plaintiffs

Dated:  May 21, 2020          By: */s/ Joseph W. Eckhart*
                                  Joseph W. Eckhart

                              WENDI L. ROSS
                              JOSEPH W. ECKHART
                              JEREMY G. ZEITLIN
                              DANIEL S. CROSSEN
                              Public Employment Relations Board
                              1031 18th Street
                              Sacramento, CA 95811
                              Telephone: (916) 322-3198
                              Facsimile: (916) 327-6377
                              E-mail:  PERBLitigation@perb.ca.gov

|   |   |
|---|---|
|   | *Attorneys for Defendants Eric Banks, Erich Shiners, Arthur A. Krantz, Lou Paulson, and J. Felix De La Torre* |
| Dated: May 21, 2020 | By: */s/ Scott A. Kronland* |
|   | Scott A. Kronland |
|   | SCOTT A. KRONLAND<br>DANIELLE E. LEONARD<br>MATTHEW J. MURRAY<br>Altshuler Berzon LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064<br>E-mail:  skronland@altber.com<br>            dleonard@altber.com<br>            mmurray@altber.com |
|   | *Attorneys for Intervenor-Defendants California Teachers Association, SEIU California State Council, California Federation of Teachers, California School Employees Association, and California Labor Federation* |